**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
DEC 0 4 2018
AT____ O'CLOCK____
John M. Domurad, Clerk - Albany

------------------------------------------------------------ )
**ROBERT CRAIG CASSIDY, d/b/a/** )
**MOUNTAIN TIME AUCTIONS, ANTIQUES,** )
**and MATTRESSES** )
)
**PLAINTIFF** )
)
)
)
**vs.** )
)
**ERIC MADOFF, EXECUTIVE DIRECTOR,** )
**NEW YORK STATE INSURANCE FUND;** )
**NEW YORK STATE INSURANCE FUND;** )
**TITIAN DION PERSONALLY AND AS AN** )
**EMPLOYEE OF NEW YORK STATE** )
**INSURANCE FUND;** )
**CLARISSA M. RODRIGUEZ, CHAIR,** )
**NEW YORK WORKER'S COMPENSATION** )
**BOARD;  NEW YORK WORKER'S** )
**COMPENSATION BOARD;** )
**FREIDA FOSTER, ELLEN O. PAPROCKI,** )
**MARK HIGGINS, LOREN LOBBAN,** )
**SAMUEL G. WILLIAMS, LINDA HULL,** )
**FREDRICK M. AUSILI, STEVEN A. CRAIN,** )
**MARK R. STASKO, PERSONALLY AND AS** )
**COMMISSIONERS OF THE NEW YORK** )
**WORKER'S COMPENSATION BOARD;** )
**J.J. DOE1,  J.J. DOE2,  J.J. DOE3,** )
**PERSONALLY AND AS MEMBERS OF** )
**PENALTY REVIEW UNIT (NEG) NEW YORK** )
**WORKER'S COMPENSATION BOARD ;** )
**JEFF MERSMANN, PRESIDENT, PIONEER** )
**CREDIT RECOVERY, INC., A NAVIANT** )
**COMPANY, and PIONEER CREDIT** )
**RECOVERY, INC.** )
---------------------- DEFENDANTS-------------------

**CIVIL CASE NO.:**
**8:18-cv-**
**00394 (BKS/DJS)**

**AMENDED**
**CIVIL RIGHTS**
**COMPLAINT**

**PURSUANT TO**

**42 U.S.C. 1983**
**and**
**8th & 14th**
**AMENDMENTS**
**TO THE**
**CONSTITUTION**
**OF THE**
**UNITED STATES**

[ 1 ]

**PLAINTIFF DEMANDS A TRIAL BY JURY**

PLAINTIFF in the above captioned action alleges as follows:

## JURISDICTION

1. This is a civil action seeking relief and damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. 1983; The Eighth Amendment to the U.S. Constitution regarding excessive fines and cruel and unusual punishment; and the due process clause of the 14th Amendment. On 5 November 2018 U.S. Northern District Court Judge Brenda K. Sannes granted Plaintiff "... leave to file an amended complaint within thirty (30) days of the date of this order ..."

## DIVERSITY JURISDICTION

2. PLAINTIFF Robert Craig Cassidy resides at and has resided at 43 Pleasant Street, City of Rutland, County of Rutland, State of Vermont since January 1976.

3. PLAINTIFF carries a Vermont driver's license, drives a motor vehicle registered in the State of Vermont, has voted in Vermont municipal and state-wide elections for more than 40 years, and has filed Vermont and Federal income tax returns with a Vermont address also for more than 40 years and was honorably discharged from the U.S. Army to Rutland, Vermont in 1973.

4. Defendant Eric Madoff, Executive Director and Chief Executive Officer of the New York State Insurance Fund, and Titian Dion, Agent, 1 Watervliet Avenue Extension,

( 2 )

Albany, New York 12206- 5790 (hereinafter known as NYSIF) is an organ of the New

York State  Government located in Albany County, New York. Defendant Madoff has

earned individual liability By violating criteria 2,3, and 4 of the individual liability

paragraph in paragraph six of this complaint.

5.  Defendant Clarissa M. Rodriguez, Chair, Workers' Compensation Board, 328 State

Street, Schenectady, New York 12305-2318 (hereinafter known as NYBOARD) is an

organ of the New York State government  located in Schenectady County, New York.

6. Defendants Freida Foster, Ellen O. Paprocki, Mark Higgans, Loran Lobban, Samual G.

Williams, Linda Hull, Frederick M. Ausili, Steven A. Crain, and Mark R. Stasko are or

were Commissioners of the New York Worker' Compensation Board at times pertinent

to this complaint.  Defendant Commissioners' address is "Workers' Compensation

Board, 328 State Street, Schenectady, New York 12305-2318.

Defendant Commissioners are not a typical board of directors as their duties are spelled
out:

> The Board administers the programs and laws of New York State in a fair
> and equitable fashion.  The Board receives and processes claims and
> initially seeks to facilitate expedient agreements between injured workers
> and employers.  When a consensus cannot be reached through
> administrative measures, it becomes necessary for the Board to conduct
> hearings before a Workers' Compensation Law Judge(Judge).  Evidence
> and testimony are gathered and analyzed prior to the rendering of a
> decision by the Judge.  While the decisions by Judges are binding, parties
> may seek administrative review of the Judge's decision to the
> Administrative Review Division.  In such a case, a panel of three
> Board Commissioners will rule on the validity of the Judge's decision.
> failing a unanimous decision by the panel, a mandatory full Board review
> with all thirteen Commissioners may be requested within 30 days of the
> filing date of the  Board panel's decision.  In addition, when the decision
> of the panel is unanimous, a party may seek discretionary full Board
> review.  When a party files a discretionary full Board application, the
> Board has the option to grant or deny full Board review.  The decision of
> the full Board may be further appealed to the State Appellate Division,
> Third Department (WCL &23).

( 3 )

The Commissioners administer "...the programs and LAWS of New York State in a fair

and equitable fashion...," the Board conducts "hearings," "Evidence and testimony are

gathered and analyzed..." "A panel of three Board Commissioners will rule on

"THE VALIDITY OF THE JUDGE'S DECISION ..."(EMPHASIS MINE).

Clearly the Commissioners are quasi-judicial in their duties and have expertise in law

and evidence.   Consider New York State's Article 8 141-A-Civil Enforcement which
reads in part:

> 141-a. Civil enforcement. 1. To investigate violations of sections fifty-two
> and one hundred thirty-one of this chapter, **the chair or his or her
> designees** shall have the power to:
>
> (a) Enter and inspect any place of business at any reasonable
>     time...
> ( b) Examine and copy business records.
> ( c ) Administer oaths and affirmations.
> ( d) Issue and serve subpoenas ...
> 2. **The chair** shall specify by rule the business records ...
> 3. If a person has refused to obey a subpoena, **the chair** may commence ...
> 4. (a) Whenever **the chair** determines that an employer who is
>    required to secure compensation in accordance with this chapter
>    has failed to secure such compensation, or where an employer
>    has failed to pay penalties assessed against it pursuant to this
>    chapter, or failed to pay a judgment under section twenty-six of this
>    chapter within ninety days ... such failure shall be deemed an
>    an immediate serious danger to public health, safety,
>    or welfare sufficient to justify service by **the chair** of a stop-work
>    order... The order shall remain in effect until **the chair** directs that
>    the stop-work order be removed, upon a determination that the
>    employer has come into compliance with the coverage
>    requirements of this chapter and has paid any penalty assessed under
>    this chapter...
> 6. Any judgment obtained by **the chair** and any penalty due under
>    This section shall, until collected, constitute upon the entire interest
>    of the employer .... **(emphasis mine)**

Clearly "**the chair and his or her designees**" control and enforce NYBOARD policies

and are not mere spectators on the sidelines. PLAINTIFF urges the Court to read the

( 4 )

8:18-CV-00344 (BKs/DJs)                    12-4-2018

Complete WKC Article 8 Section 141-A-Civil enforcement code of New York law.

It is 1:55 A.M. and PLAINTIFF is too tired to see if the lyrics to "Compensation uber

alles" are printed in this chapter of the WKC law by these good people, but as a trained

historian graduated from one of the finest colleges in the United States, I assure the Court

that a funny little guy with a paint brush mustache did not have this kind of power back in

1932 Germany.  By 1933/1934 he did have this power and we all see where that took the

world.  PLAINTIFF does not want to see the state of his birth thus embracing the mantra

that "power corrupts, and absolute power corrupts absolutely."  Missing from Article 8

(Workers Compensation) Administration 141-A Civil enforcement is any due process

protection for the hapless victims of "the chair," as the this PLAINTIFF's case clearly

demonstrates.  PLAINTIFF urges to Court to hold a hearing on the Constitutionality of

the New York Workers' Compensation enforcement laws not just as written but as

practiced.

"The chair or his or her designees" have enormous, unchecked power and

PLAINTIFF is entitled to call them at trial and win judgment against them if

the jury so decides.  PLAINTIFF alleges Rodriguez, Foster, Paprocki, Higgins, Lobban,

 Williams, Hull, Ausili, Crain, and Stasko (hereinafter "WCGROUP") have personal

liability for negligent failure to cure the malicious penalty issued to PLAINTIFF  June 2

2016; for issuing the grossly insulting, incompetent appeal rejection on October 7 2016 ,

for  maliciously allowing the unconstitutional penalty process to continue on their watch;

and, inter alia, not addressing PLAINTIFF's appeal with constitutional due process.

To quote the Court:

> Personal involvement can be established by showing that: (1) the
> defendant(s) participated directly in the alleged constitutional

violation, (2) the defendant(s), after being informed of the violation
through a report or appeal, failed to remedy the wrong, (3)the
defendant(s) created a policy or custom under which unconstitutional
practices occurred, or allowed the continuance of such a policy or custom,
(4) the defendant(s) was grossly negligent in supervising subordinates who
committed the wrongful acts, or (5) the defendant(s) exhibited deliberate I
indifference … by failing to act on information indicating that unconstitutional
acts were occurring.  In addition to fulfilling one of these requirements, a
plaintiff must also establish that the supervisor's actions were the proximate
cause of plaintiff's  constitutional deprivation.

Defendant WCGROUP violated not one but ALL FIVE personal involvement criteria,

and collectively are the issuers of the Draconian penalties charged against PLAINTIFF.

7. On October 7 2016 in the  name of Governor Andrew Cuomo, the Workers'

Compensation Board issued a determination on this PLAINTIFF's appeal which reads in
part :
"After a review of the submitted material, the Board has determined that you are subject

to the coverage requirements of the WCL.   However, the Board is unable to consider

your request for re-determination for the following reason:

> The employer is currently not in compliance with requirements for
> Coverage under the Workers(sic) Compensation Law for the above period.
> **No proof of coverage has been received from your insurance company.**
> **Your policy with State Insurance Fund is still under your old**
> **Federal ID#.**   (Plaintiff's exhibit 18)

The Board goes on to write:

> "Please advise your NYS Workers' Compensation carrier,
> The State Insurance Fund to submit your coverage information
> Electronically.  The carrier should report this policy using your
> **correct** Federal ID#  **475233656. (emphasis NYBOARD)**

And, as a parting jab, the Board increased the existing penalty on Plaintiff from

$12,000.00 to $18,000.00.

Let us take a fast look at how this letter unquestionably issued by the New York Workers'

Compensation Board ("the Board has determined"  and  "the Board is unable")

(6)

8:18 -CV- 00394 (BKS/DJs)        12-4-2018

complies with the Board's mission statement: "The Board administers the programs and

laws of New York State in a fair and equitable fashion."

First, the Board does not tell the truth--     The appeal rejection states

Plaintiff's "… policy with the State Insurance Fund is still under your old Federal ID#."

Plaintiff **HAS NO OLD FEDERAL ID NUMBER,** Board members !!

Second, the Board instructs Plaintiff that "This carrier should report this policy using your

**correct** Federal ID# **475233656."** (NYBOARD EMPHASIS IN ORIGINAL)  Really ?

Plaintiff has no control over how carrier transmits data,  and the "CORRECT" Federal

ID# cited by the Board IS NOT PLAINTIFF's !!  PLAINTIFF fails to see how any board

could be more incompetent.  Since June 2  2016 WCBOARD has been actively violating

PLAINTIFF's constitutional rights to due process.

 So much for the 14th Amendment and Due Process.  So much for "… a fair and

equitable fashion."

The Burger Court is right on point in Scheuer v. Rhodes, 416 U.S. 232(1974) at 242,243:
> If the immunity is qualified (the immune are not court
> judges, legislators, etc), not absolute, the scope of  that
> immunity will necessarily be related to facts as yet not
> established either by affidavits, admissions, or a trial record.
> Final resolution must take into account the functions and
> responsibilities of these particular defendants in their
> capacities as officers of the state government, as well as
> the purposes of 42 U.S.C. 1983.  In neither of these
> inquiries do we  write on a clean slate.  It can hardly be argued
> at this late date, that under no circumstances, can officers
> of state government be subject to liability under this statute.
> In Monroe v Pape, supra, MR. JUSTICE DOUGLAS, writing
> for the Court, held that the section in question was meant to
> give a remedy to parties deprived of constitutional rights,\
> privileges and immunities by an officials abuse of his position.
> 365 U.S. at 365 U.S. 172.  Through the Civil Rights Statutes,
> Congress intended "to enforce provisions of the Fourteenth Amendment
> against those who carry a badge of authority of a State and represent it

(7)

8:18-cv-00394 (BKS/DJS)   12-4-2018

in some capacity, whether they act in accordance with their authority
or misuse it."

Ms. Rodriguez and her Commissioners, to borrow a phrase from World War Two British

Air Chief Marshal Sir Arthur "Bomber" Harris," have sown the wind and now must reap

the whirlwind.

8.  Defendant Jeff Mersmann, President, Pioneer Credit Recovery, Inc., a Navient

Company, 26 Edward Street, Arcade, New York 14009 (hereinafter known as PIONEER)

is located in Wyoming County, New York.  On January 8, 2018 PIONEER's internet web

site stated in part "Pioneer employees more than 1,000 professionals in state-of-the-art

collection facilities in New York, Florida, and New Jersey."  Vermont is not mentioned.

9.  On information and belief, PLAINTIFF believes Diversity Jurisdiction exists.


## BACKGROUND

10.  There came a time in 2013 when PLAINTIFF joined American Legion Post 224

located at 104 Montcalm Street, Ticonderoga, New York 12883.

11.  During the summer of 2015 PLAINTIFF became aware that a very small  auction

house entitled Mountain Time Furniture and located at 105 Montcalm Street,

Ticonderoga, New York was for sale as the owner had been called to become a minister

of the Holy Gospel.

12.  PLAINTIFF purchased the Mountain Time business for $85,000.00 from

Richard Harker.

13.  On August 19 2015 PLAINTIFF and Richard Harker traveled to Elizabethtown,

New York where Harker rescinded Mountain Time Furniture's business certificate and

PLAINTIFF filed a new business registration certificate for Mountain Time Auctions,

8:18-cv-00394 (BKS/DJs)     12-4-2018

Antiques, and Mattresses, a personal proprietorship. Richard Harker and family left New York State and moved to the State of Colorado.

14. On September 16 2015 PLAINTIFF mailed back to NYSIF its bill 50661851 which indicated PLAINTIFF's credit balance of $210.84. PLAINTIFF wrote that "ROBERT CRAIG CASSIDY DBA MOUNTAIN TIME AUCTIONS" was the new owner of the business and building at 105 Montcalm Street and asked NYSIF to update their records and change workman's compensation policy ownership. (SEE EXHIBIT ONE)

15. On October 29 2015 NYSIF employee Mr. Titian Dion replied to PLAINTIFF with a U-3 v4 form requesting eleven separate actions needed to transfer owner's name, business title, and Federal Tax number for Mountain Time Auctions.

(SEE EXHIBITS TWO, THREE, FOUR)

16. On November 3 2015 PLAINTIFF mailed the signed, completed U-3 v4 form to NYSIF.

17. As of November 30 2018 PLAINTIFF has never been notified that the requested changes were ever made. In total PLAINTIFF submitted one name and address change (SEE EXHIBITS EIGHT (2) & (3)), one U-3 v4 form , PLAINTIFF's insurance agent submitted one U-3 v4 Form, Richard Harker submitted one U-3 v4 form, one personal telephone conversation between PLAINTIFF and Mr. Dion took place, and at least three premium payments were made by PLAINTIFF to NYSIF. A claim for employee injury was also processed. (SEE EXHIBIT FIVE). Note that NYSIF employee William J. Farnan addressed this confirmation email to VTCASSIDY@AOL.COM not to Richard Harker.

(9)

"VTCASSIDY" is PLAINTIFF Robert Craig Cassidy's AOL internet name.

Richard Harker during a visit to Ticonderoga in July 2016 filed his U-3 v4 (EXHIBIT

SIX). PLAINTIFF has never been notified that despite all the paperwork filed, a policy

Federal tax number change was ever made by NYSIF.

18. Defendant NYSIF converted to its own use PLAINTIFF's $210.84 credit account

balance(EXHIBIT ONE); a payment of $246.56 made to insurance broker Darlene

Dorsett on December 15 2015 and acknowledged by NYSIF on March 10 2016

bill(EXHIBITS SEVEN and EIGHT); a payment by check 10183 on April 5 2016 in the

amount of 300.70(EXHIBITS EIGHT AND NINE); and a payment made on May 28

2016 by check 10178 in the amount of $220.46(EXHIBITS TEN AND ELEVEN). The

$300.70 payment was accepted for THE RENEWAL OF WORKMAN'S

COMPENSATION POLICY A 1351 815-4 for 2016-2017(emphasis mine). The 220.46

payment was an installment on workman's compensation policy A 1351 815-4 for 2016-

2017. PLAINTIFF has in hand receipts for all these payments.

While depositing PLAINTIFF's monies and settling claim 68495290,

NYSIF maliciously refused to change the federal identification number on workman's

compensation policy A 1351 815 4.

19. PLAINTIFF filed a "PAYROLL REPORT" form DP 517 v1 via certified mail

7015 0640 0002 2353 3784 on July 19 2016 and has tracking information to prove its

delivery to NYSIF. (SEE EXHIBIT TWELVE)

20. On June 2 2016 NYBOARD issued a $12,000.00 penalty notice to PLAINTIFF

alleging that PLAINTIFF had not carried worker's compensation insurance since

September 2015. No hearing was held, no evidence presented, no unbiased referee was

(10)

8:18-cv-00394 ( BKS/DJS)

12-4-2018

employed, no written findings of fact were supplied, no due process rights were granted

PLAINTIFF. (SEE EXHIBIT THIRTEEN)   PLAINTIFF is bitterly amused by the fact

that on June 2, 2016, the very day NYBOARD fined PLAINTIFF $12,000.00 for not

having workman's compensation insurance, PLAINTIFF's premium check to NYSIF for

May 28 2016 cleared PLAINTIFF's bank account(SEE EXHIBIT ELEVEN).

21. On Plaintiff's appeal (EXHIBITS FOURTEEN, FIFTEEN,SIXTEEN,

SEVENTEEN), NYBOARD informed PLAINTIFF that ONLY the presentation to

NYBOARD of a policy with PLAINTIFF's federal tax number on it would mitigate the

penalty which had grown to 18,000.00. (EXHIBIT EIGHTEEN)

 NYBOARD's reply to PLAINTIFF's appeal was arrogantly non-responsive and ignored

facts supplied by PLAINTIFF.

22.  Titian Dion of NYSIF for nine months had maliciously denied PLAINTIFF a change

of  Federal tax number even as his agency took PLAINTIFF's funds and refused

PLAINTIFF's attempts to change Harker's Federal account number to PLAINTIFF's

Federal number.  Dion failed to communicate his reasons for sitting on PLAINTIIF's

policy change, terrified PLAINTIFF's insurance agent to the point where she resigned

from PLAINTIFF's account, and never sent PLAINTIFF a policy cancellation notice.

23. During the last week of December 2016 PLAINTIFF received a second penalty

notice from NYBOARD raising the penalty to $22,000.00.  Again, no hearing was held,

no evidence presented, no written findings of fact, and no unbiased referee

was  employed.  PLAINTIFF's gross payroll for the quarter ending December 31, 2016

was less than $2,000.00.  Clearly NYBOARD'S action meant to put  PLAINTIFF out of

8:18-CV-00394  (BKS/DJS)      12-4-2018

business.

22. In PLAINTIFF's mailbox with the NYBOARD penalty notice was a notice from

PIONEER claiming a $ 4,840.00 fee for collecting PLAINTIFF's "delinquent" account.

23. PIONEER's $4840.00 notice was POSTMARKED THE SAME DAY (emphasis

mine)(SEE EXHIBITS NINETEEN AND TWENTY) as NYBOARD's $22,000.00

penalty notice.

Both NYBOARD'S penalty notice and PIONEER's bill were dated December 21

2016. (EXHIBITS TWENTY-ONE AND TWENTY-TWO) PLAINTIFF was

given no chance to contest or pay $22,000.00 penalty before PIONEER claimed its fee.

24. PIONEER knew of NYBOARD's penalty levy before PLAINTIFF knew, and

PLAINTIFF wonders how an amount unknown to PLAINTIFF could possibly be

"delinquent" ??  NYS Finance Law 18 paragraph 5 does not call an amount delinquent

for 90 days. PIONEER's fee envelope was postmarked approximately 646 miles south of

NYBOARD's location in Albany on the same day.  PIONEER violated PLAINTIFF's

due process rights by maliciously colluding with NYBOARD.

25. As of December 1 2018 no workman's compensation insurance policy cancellation

notice from Titian Dion has been received by PLAINTIFF further violating due process

rights. Receipt of a cancellation notice would have given PLAINTIFF a date certain to

make payment and avoid cancellation, but this was not in the scheme of defendants.

26. Malicious negligence on the part of Titian Dion of NYSIF has caused NYBOARD

to charge PLAINTIFF $22,000.00 in unearned penalties and PIONEER has claimed

$4,840.00 in fees all without hearing, evidence presented, written findings of fact, or the

decision of a neutral referee. Titian Dion violated provisions 1, 2, and 3 of "individual

8:18 - cv - 00394   (BKS/DJs)          12-4-2018

liability" (see paragraph 6 this complaint) from November 2015 through June 2016.

27. Defendant NYBOARD appears to operate in collusion with NYSIF in the arranging

of penalty schemes.   In fact a New York State website refers to NYSIF and NYBOARD

as "The Players in the System." (SEE EXHIBIT TWENTY-THREE)   NYSIF damages

responsible firms and individuals and NYBOARD swoops in with its huge penalties

levied without due process.  PIONEER then colludes with NYBOARD to collect a

minimum levy 122% of penalty levied- all without  due process.

28. On February 21 2018 Plaintiff received a "Statement" from NYBOARD which reads

in part "*The Total Due in Summary Section includes $22,500.00 net due in judgments

obtained in New York State Supreme Court."(SEE EXHIBIT TWENTY-FOUR)

PLAINTIFF  has never been summoned to New York State Supreme Court in this matter.

 It appears not  even the courts of New York State respect due process.  No hearing was

ever held. Most importantly, PLAINTIFF HAS NEVER BEEN SERVED WITH A

COPY OF THE JUDGMENT !

29. Given the immense (and deadly) penalty power apparently wielded by NYBOARD,

PLAINTIFF argues that "The Players in the System" must have clean hands, which

PLAINTIFF asserts these three cabal members clearly do not.  These three defendants

must not be allowed to violate the due process requirements of the United States

Constitution and the protection of the Eighth Amendment.

8:18-CV-00394 (BKS/DJS)   12-4-2018

## CAUSES OF ACTION ON DEFENDANT NEW YORK STATE
## INSURANCE FUND

30.  NYSIF violated the United States Constitution's procedural due process rights by

denying PLAINTIFF an unbiased tribunal; denying notice of proposed action and the

grounds asserted for it;  denying opportunity to present reasons why the proposed action

should not be taken; denying the right to present evidence and call witnesses;  denying the

right to know opposing evidence; denying the right to cross-examine adverse witnesses;

denying the right to a decision based exclusively on evidence presented;  denying the

opportunity to be represented by counsel;  denying the requirement that a tribunal prepare

a record of evidence presented; and denying the requirement that a tribunal prepare

written findings of fact and reasons for its decision.

31.  NYSIF regulations and enabling law are too vague and confusing for an average

citizen to understand thus depriving PLAINTIFF and a similar class of persons of the

right to due process.

32.  Since NYSIF appears to have properly serviced some citizens and granted them

rights and benefits not granted Plaintiff, defendant NYSIF has maliciously denied equal

protection and due process to PLAINTIFF.  PLAINTIFF asserts that NYSIF self-admitted

premiums in force amount of $2,437,552,000 indicates at least one other company has

workers' compensation insurance through NYSIF.

## CAUSES OF ACTION ON DEFENDANT NEW YORK WORKER'S
## COMPENSATION BOARD

33.  Defendant NYBOARD levied without hearing an initial $12,000.00 penalty upon



(14)

PLAINTIFF without notice or warning thus depriving PLAINTIFF of an unbiased tribunal to hear dispute; of any notice of the proposed action and grounds asserted for it; of any opportunity to present reasons and evidence why proposed action should not be taken; of the right to present evidence and call witnesses; of the right to know opposing evidence; of the right to cross examine adverse witnesses; of a decision based exclusively on evidence presented; of the opportunity to be represented by counsel; of the requirement that a record of evidence presented be prepared; of the requirement that the fact finding tribunal prepare written findings of fact and reasons for its decision.

34. PLAINTIFF is astounded that the NYBOARD can, in arrogance, levy huge penalties at whim without due process or citizen recourse. PLAINTIFF pleads that the District Court halt NYBOARD's levy power until such time as due process reforms can be made.

35. NYBOARD by obtaining "$22,500.00 net due in judgments " from the New York State Supreme Court (SEE EXHIBIT TWENTY-FIVE) without notice of hearing to PLAINTIFF, denying PLAINTIFF any opportunity to present evidence, hiding opposing evidence from PLAINTIFF, denying PLAINTIFF right to cross examine witnesses, denying PLAINTIFF a record of the proceedings, and failing to provide PLAINTIFF with written findings of fact has made a mockery of due process.

36. NYBOARD's enabling law and regulations are too vague and confusing for an average citizen to understand thus depriving PLAINTIFF and a similar class of persons of their constitutional right to due process.

37. NYBOARD appears to have served some citizens properly or it would not exist.

(15)

8:18 -cv- 00394 (BKS/DJS)  12-4-2018

NYBOARD has therefore granted rights to some citizens and maliciously denied those rights to PLAINTIFF denying PLAINTIFF equal rights and due process guaranteed by the Constitution of the United States.

## CAUSES OF ACTION ON DEFENDANT NUMBER THREE, PIONEER RECOVERY SYSTEMS, INC.

38.  Defendant PIONEER violated PLAINTIFF's due process rights by colluding with defendant NYBOARD to deny PLAINTIFF any ability to pay $22,000.00 penalty assessed by NYBOARD without incurring PIONEER's twenty-two percent collection fee of $4,840.00.

39.  NYBOARD and PIONEER exchanged information on alleged amount PLAINTIFF "owed" days before NYBOARD notified PLAINTIFF of $22,000.00 penalty .

40.  PIONEER by colluding jointly with NYBOARD to defraud is acting under the "color of law" for the purposes of 42 U.S.C. 1983.

41.  PIONEER states in its collection notice "Your delinquent fines and fees totaling $22,000.00 are due in full."  PIONEER deserves a chance to tell a jury how $22,000.00 can be delinquent before PLAINTIFF even receives notice and demand from NYBOARD and how PIONEER is ignoring NYS Finance Law Section 18  paragraph 5.

42.  PIONEER's collection letter reads in part "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt  or any portion thereof, this office will assume the debt is valid.  If you notify this office that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt, and mail you a copy of such verification."

43.  PLAINTIFF notified PIONEER on January 23 2017 by certified mail of

( 16 )

8:18 - cv - 00394 (BKS/DJS)   12-4-2018

PLAINTIFF's dispute to the validity of the debt.  As of December 1 2018 no reply to

PLAINTIFF's request from PIONEER has been received and no "verification" has

arrived further denying PLAINTIFF due process.(EXHIBIT TWENTY-SIX).


## CAUSES OF ACTION AGAINST NEW YORK STATE INSURANCE FUND AND NEW YORK WORKERS' COMPENSATION BOARD REGARDING VIOLATIONS OF THE EIGHTH AMENDMENT

44. PLAINTIFF believes that  malicious inaction by Titian Dion of NYSIF on

PLAINTIFF'S application to transfer Federal Tax numbers on worker's compensation

policy allowed NYBOARD to pretend PLAINTIFF had no worker's compensation

insurance and to charge PLAINTIFF huge, unearned penalties violating 8th Amendment..

45.  NYBOARD charged PLAINTIFF more than $22,000  (which sum would give

PIONEER unearned commission of almost $5,000)  in penalties while NYSIF was

deposing PLAINTIFF's premium checks and Titian Dion was maliciously ignoring

paperwork PLAINTIFF submitted to NYSIF.  PLAINTIFF was current in its premium

payments to NYSIF, and yet NYBOARD charged PLAINTIFF a penalty 22 and 1/3 times

the annual premium for Workers' Compensation Insurance.

46.  The United States Supreme Court addressed excessive fines in UNITED STATES V.

BAJAKAJIAN 524 U.S. (1998):

> The touchstone of the constitutional inquiry under the Excessive Fines
> Clause is the principle of PROPORTIONALITY.  The amount of the
> forfeiture must bear some relationship to the gravity of the offense that
> It is designed to punish.  See Austin v. United States, 509 U.S., at 622-623
> (noting Court of Appeals' statement that "the government is exacting too
> High a penalty in relation to the offense committed");  Alexander v.

( 17 )

8:18-CV-00394  (BKS/DJS)   12-4-2018

United States, 509 U.S. 544(/supct-cgi/ get-us-cite? 509+544,559(1993) ("it is in the light of the extensive criminal activities which petitioner apparently conducted … that the question whether the forfeiture was "excessive" must be considered). Until today, however, we have not articulated a standard for determining whether a punitive forfeiture is Constitutionally excessive.  WE NOW HOLD THAT A PUNITIVE FORFEITURE VIOLATES THE EXCESSIVE FINES CLAUSE IF IT IS GROSSLY DISPROPORTIONATE TO THE GRAVITY OF A DEFENDANT'S OFFENSE. (EMPHASIS MINE)

47. Since the PLAINTIFF owed the State of New York no premium payments, the imposition of almost $27,000 must be considered **punishment** which action further triggers due process protections including hearing, cross examination, a neutral judge, and written findings.  NONE OF THESE PROTECTIONS WERE AWARDED THIS INNOCENT PLAINTIFF.

Let us examine the "gravity" of PLAINTIFF's "offense."  On September 16 2015 PLAINTIFF received a statement dated September 10 2015 from NYSIF noting a credit balance $210.84.  PLAINTIFF mailed a copy of the statement back to NYSIF on September 16, 2015 noting a change of ownership and firm name.  PLAINTIFF waited a whole six days to reply to NYSIF, obviously trying to evade responsibility.  NYSIF employee Titian Dion on October 29 2015 replied to PLAINTIFF forty-three days later, obviously a well disciplined state employee replying in a timely fashion.

48.  On November 3 2015 PLAINTIFF returned to NYSIF the completed form Mr. Dion had sent thus again proving PLAINTIFF's  unreliability by waiting a whole five days.

49.  Plaintiff's Workers' Compensation annual premium for 2017-2018 was $1,202.80 (exhibit eight) and PLAINTIFF had paid two premium payments and was current in account before NYBOARD issued the first $12,000 penalty in this action.

(18)

8:18 - cv - 00394   (BKS/ DJS)   12-4-2018

As stated elsewhere in this complaint, Plaintiff's check 10178 for $220.46 was

paid by Plaintiff's bank on 2 June 2018, the exact date NYBOARD charged Plaintiff a

$12,000.00 penalty for not carrying Workers' Compensation insurance.  Only in New

York…. Regarding Excessive fines violating 8th Amendment protections, in Browning-

Ferris Industries v. Kelco Disposal (1989) 492 U.S. 257 (1989) the Supreme Court held

> The language of the Excessive Fines Clause and the nature of our
> Constitutional framework make it clear that the Eighth Amendment places
> limits on the steps a government may take against an individual (par. 1(c)

> The District Court instructed the jury that it could award punitive damages
> on the state-law claims if it found by clear and convincing evidence
> that BFI's conduct "revealed actual malice, outrageous conduct,
> or constituted willful or reckless disregard of plaintiff's rights "Id., at 81
> It also told the jury that  in determining the amount of punitive damages
> it could take into account the character of the defendants, their financial
> standing, and the nature of their acts (492 US 257,262)

> We think it clear, from both the language of the Excessive Fines Clause
> and the nature of our constitutional framework, that the Eighth
> Amendment places limits on the steps a government may take against
> an individual, whether it be keeping him in prison, IMPOSING
> EXCESSIVE MONETARY SANCTIONS, or using cruel and unusual
> Punishments (EMPHASIS MINE) (492 US 257, 276)

> The character of a sanction imposed as punishment "is not changed by
> The mode in which it is inflicted, whether BY A CIVIL ACTION  or a
> Criminal prosecution." United States v. Chouteau, 102 U.S. 603,611
> (1881).  As the Court wrote only recently, "a civil action that cannot fairly
> be said solely to serve a remedial purpose but rather can be
> explained only as also serving retributive or deterrent purposes,
> IS PUNISHMENT." (EMPHASIS MINE) United States v. Halper,
> 490 U.S. 435,448 (1989) quoted in BFI v. Kelco (492 U.S. 257,299

PLAINTIFF requests the Court take judicial notice that Timbs v. Indiana (a case pending

before the Supreme Court that settles whether the Excessive Fines Clause applies to

State and local governments under the due process Clause of the Fourteenth Amendment)

(19)

(BKS/DJS)    12-4-2018

had oral arguments before the Supreme Court 28 November 2018 and settled law on this matter will reach the districts by June 2019. PLAINTIFF asks the Court to imagine the time is now December 8 1953 not December 4 2018 and Oliver Brown et. al. v. Board of Education of Topeka et. al. (347 U.S. 483 (1954) has just been re-argued. Would the Northern District accept Plessy v. Ferguson 163 U.S. 547 (1896) as settled law or would the Court realize that, as singer Bob Dylan wrote, "The Times They Are A Changin' ??" The period where brazen state agencies can helter skelter levy immense penalties onto hapless citizens without due process protections and without fear of sanction is over. Browning-Ferris v. Kelco also makes it clear that in the 2nd Circuit Federal juries may adjudicate claims against the state if "all other claims that are so related …that they form part of the same case or controversy(1367(a). The true test being that the new claim "arises from the same set of operative facts." This means that a Federal court hearing a Federal claim can also hear substantially related state law claims, thereby encouraging efficiency by having only one trial at the Federal level rather than one trial in Federal court and another in state court. Paragraph "G" of the Court's order of November 5 2018 would seem to suggest reverse removal of allowable damage claims to New York State Court, to which action PLAINTIFF strongly objects .

50. NYBOARD committed a second violation of 18 USC 1951 (b) (2) in December 2016 when it increased its penalty demand to $22,000 which, after receiving said amount, NYBOARD would then kindly allow PLAINTIFF to remain in business.

51. NYBOARD thrice violated 18 US CODE 1341 by placing in the US Mail three penalty extortion notices, first for $12,000, next for $18,000, and later for $22,000.

52. Defendant PIONEER violated 18 US CODE 1341 by placing in the US Mail a letter

8.18 -cv- 00394 (BKS/DJS) 12-4-2018

demanding $4840 from PLAINTIFF which money was not owed due to malicious

interference of co-conspirator NYSIF in the simple transfer of PLAINTIFF's workman's

compensation policy Federal tax number.  Further, PIONEER  colluded with

 co-conspirator NYBOARD to obtain alleged debt information  about PLAINTIFF from

NYBOARD before PLAINTIFF was aware of such information.

52.  PIONEER in its collection letter of December 21 2016 claimed "Your delinquent

fines and fees totaling $22,000.00 are due in full."  Later in the collection letter

PIONEER writes "1) a 22% debt collection fee on the unpaid balance forwarded by the

Board  to Commercial Collection Agencies under New York State Finance Law

Section 18.

New York State Finance Law Section 18 in the applicable part reads:

> 5.  In addition to the charges referred to in subdivision four of this
>     section, and unless provided by contract, statute or regulation,
>     A debtor that fails to make payment of a debt subject to
>     this section within ninety days of receipt by the debtor of the
>     first billing invoice or notice may be assessed an additional collection
>     fee charge to cover the cost of processing, handling, and collecting
>     such debt, not to exceed twenty-two percent ....

PIONEER allowed PLAINTIFF not 90 days but zero days to make payment before being,

in PIONEER's words, "delinquent," entitling PIONEER to an unearned penalty of

$4840. PIONEER appears to have violated section 18 paragraph 5 of the New York

Finance Law by not granting PLAINTIFF 90 days to make payment.  PIONEER also thus

violated 15 USC 1692e Paragraph 807  "the following conduct is a violation of this

section" (2) (A) The false representation of ---- the character, amount, or legal status of

any debt;

53.  Mersmann may well have authorized this policy at a board of director's meeting and

(21)

8:18 - CV - 00394 (BKS/DJS)   12-4-2018

thus be liable for violating both New York and Federal law. Mersmann should not be dismissed until and if discovery reveals his innocence.

54. There came a time in October 2015 when a PLAINTIFF employee was injured in a fall and PLAINTIFF submitted a workman's compensation claim to pay for X-rays. Defendant NYSIF in March 2016 under Loss Record Number 68495290 created Transaction Number NP20991345C162PBD to pay the claim under Harker's, the previous owner's, Federal tax number thereby committing wire fraud under 18 USC 1343 as NYSIF used the internet to process the claim. The transaction was knowingly fraudulent as since 18 September 2015 NYSIF was aware that PLAINTIFF was the only company in existence at 105 Montcalm Street in Ticonderoga, the previous owner Harker having turned in his business license in Elizabethtown New York on 19 August 2015 and moved to the State of Colorado.. In addition, the injured employee was on the PLAINTIFF's payroll as documented and could not have been working for Harker's no-longer existing company in October 2015.

Motive? To pay claim under PLAINTIFF's Federal tax number would acknowledge PLAINTIFF's workman's compensation policy existence and would have negatively impacted the scheme of NYSIF and NYBOARD to claim PLAINTIFF had no workman's compensation insurance since September 2015.

53. In violation of 18 USC 1962 (a), Defendants NYSIF and NYBOARD have converted to their own use the initial credit balance on PLAINTIFF's NYSIF account and the monies PLAINTIFF paid for premiums, all the while maliciously denying PLAINTIFF a change in workman's compensation policy Federal tax number and further

(22)

maliciously denying  existence of Workman's Compensation Policy coverage of PLAINTIFF.

54. NYBOARD has fraudulently charged huge, business killing and life altering penalties to a compliant business  which action has caused PLAINTIFF severe  physical and emotional distress.

55. On March 4 2017 Plaintiff was a vendor at a toy show at the Polish Community Center on Washington Avenue Extension in Albany, New York.  Fearing seizure of his vehicle and inventory by agents of  NYBOARD or Sheriff deputies to satisfy NYBOARD's $22,000 alleged penalty, distracted PLAINTIFF did not notice that  the rear door of  his box  truck had only half opened due to the cold weather.  Running up the truck's ramp, Plaintiff struck his head on the half-closed door,  and, stunned,  took an uncontrolled three foot fall into the frozen parking lot.  Toy show officials cleaned the bloody face of PLAINTIFF and,  on March 6 2017  PLAINTIFF was treated for concussion at  Rutland (Vermont) Regional  Medical Center. (exhibit 26)

56. Having received no relief from the December 2016 NYBOARD $22,000.00 penalty  decision,  PLAINTIFF laid off his employee as it was unlawful to have employees without Workman's  Compensation Insurance.  PLAINTIFF attempted to run his business as a sole proprietor, but, after eleven months, PLAINTIFF's seventy-five year old body could not carry the workload (and the  70 pound mattresses) any longer.

57. On December 4 2017 PLAINTIFF's cardiologist informed PLAINTIFF that heart damage  had occurred.  Working alone forty to sixty hours per week would no longer be  possible.

58. PLAINTIFF's credit score declined from the low 700's in 2015 to the mid 500's in

8:18-CV-00394 (BKS/DJS)   12-4-2018

2017 ending PLAINTIFF's ability to borrow at acceptable rates.

59. PLAINTIFF has been married for more than forty years to the same woman but that relationship barely survives on a day-to-day basis because of what she refers to as the "swamp" in Ticonderoga, meaning the debilitating effects the Workers' Compensation Board actions have had on PLAINTIFF.

60. It has been thirty-six months, THIRTY-SIX MONTHS, since this action began with Titian Dion's damaging of PLAINTIFF. In all those months, PLAINTIFF has NOT SLEPT EIGHT CONTIGUOUS HOURS IN ONE NIGHT ONCE, NOT ONCE. The troubling effect of this action preys upon PLAINTIFF's mind nightly, and I WILL CREATE A RECORD of what actions have transpired and how they came about.

61. NYBOARD and its cabal have injured PLAINTIFF both physically and emotionally to the point that PLAINTIFF cannot continue in business. Given the newly published life expectancy of 78.1 years, Defendants have damaged half PLAINTIFF's life expectancy from him by their malicious actions. PLAINTIFF seeks relief from conspirators' abuse and compensation for defendants' malicious actions.

(24)

8:18-cv- 00394  (BKS/ DJS)    12-4-2018

### Relief sought

62. PLAINTIFF asks the District Court to forthwith order the defendants individually and collectively to halt any and all collection actions against PLAINTIFF until such time as a full, evidentiary hearing can be held on this complaint.

60. PLAINTIFF  asks District Court to find the penalties brought against PLAINTIFF by defendants were obtained by malicious indifference to due process clause of the 14th amendment and violative of the excessive fines clause of the eighth amendment and are null and void, or in the alternative to award judgment against defendants of an additional $28,000.00.

61.  To compensate PLAINTIFF for the loss of peaceful enjoyment of his business and personal life, his business investment, combined with continuing injuries to his physical and emotional health, PLAINTIFF seeks personal damages of  $75,000.00 from each defendant person and $75,000 from Defendant PIONEER totaling $1,050,000.00 in the aggregate. No dollar damages are sought from NYBOARD as a NYS corporation or NYSIF as a NYS corporation.

62.  "New York was the only state that asked Congress to add 'due process' language to the U.S. Constitution."  New York proposed the following amendment in 1788:

> " No Person ought to be taken imprisoned or
> diseased of his freehold, or be exiled or
> deprived of his Privileges, Franchises, Life, Liberty,
> or Property but by due process of Law."

**Plaintiff earnestly pleads that the District Court will remind the State of New York of its historical roots.**

(25)

8:18-CV-00394   (BKS/ DJs)   12-4-2018

Under the pains of perjury, Plaintiff swears that facts submitted in this

Complaint are, to the best of his information and belief, true.

12-4-2018
**DATE**

Robert Craig Cassidy

(26)

PLAINTIFF'S EXHIBIT NO. _ONE_

CASE NO.: _8:18-cv-00394 (BKS/DJS)_

IDENTIFICATION: _NYSIF Bill_

ADMITTED: _50661851_

MAILED BACK 9-16-2015

 **NYSIF** New York State Insurance Fund

**WORKERS' COMPENSATION**

1 WATERVLIET AVE EXT., ALBANY, NY, 12206-1649

Any questions, Call 1-888-875-5790

A 1351 815-4

~~RICHARD D HARKER DBA~~ ROBERT CRAIG CASSIDY DBA

~~MOUNTAIN TIME FURNITURE~~ AUCTIONS

105 MONTCALM STREET # 1B

TICONDEROGA NY 12883-1354

107334

E STOCKTON MARTIN AGENCY INC
84 MONTCALM ST
TICONDEROGA NY 12883

| Policy Number | Group Number | Bill Number | Bill Date | Minimum Amount Due |
|---|---|---|---|---|
| A 1351 815-4 | 90 | 50661851 | 09/10/2015 | $0.00 |

| Previous Balance | Payments Received | Other Credits | New Charges | Other Debits | Current Balance |
|---|---|---|---|---|---|
| $356.65CR | $0.00 | $0.00 | $145.81 | $0.00 | $210.84CR |

### Workers' Compensation Activity Period - 08/11/2015 to 09/10/2015

| Transaction Date | Reference # | Payment/Credit Status | Charges | Credits |
|---|---|---|---|---|
| August 10, 2015 | | Previous Balance | | $356.65- |
| | | **New Charges** | | |
| September 10, 2015 | P355640 | Installment 6 of 9 (04/10/2015) | $145.81 | |
| | | Account Balance | | $210.84- |

>>>Your current Total Account Balance is    $437.40. Payment of this amount is required to avoid service charges and/or future interest charges. See reverse side (Page 2) for details.

27



**NYSIF**   **New York State Insurance Fund**

PLAINTIFF'S EXHIBIT NO.   TWO
CASE NO.: 8:18-cv-00394 (BKS/DJS)
IDENTIFICATION:   TITIAN DION LETTER
ADMITTED: _____

[0001-000013518154][##A]

RICHARD D HARKER DBA
MOUNTAIN TIME FURNITURE
105 MONTCALM STREET # 1B
TICONDEROGA NY  12883-1354

Date: 10/29/2015

WC Policy: 1351815 - 4

Re: ROBERT CRAIG CASSIDY DBA

Dear Sir/Madam:

We are advised that you are now operating under the name that is listed above. In order that you may be properly protected under the policy, it is essential that you fill out the enclosed **Transfer of Interest forms.** Please return one copy and retain the other for your own records.

For information we desire, please refer to the corresponding items numbered on the left hand margin of the enclosed forms.

1.  Give the exact date on which the business was transferred.

2.  Print the name of the new firm, **INCLUDING THE FEDERAL ID NUMBER.**

3.  Give business address of the new firm.

4.  Indicate appropriate form of ownership of new firm.

5.  One member of the old firm transferring the interest must sign.
    Give member's title. If a corporation, the seal of the old firm must be affixed at space provided.

6a. Print the name of the new firm.

6b. If new firm is an **INDIVIDUAL** - Owner must sign.
    If new firm is a form of **PARTNERSHIP** or **LIMITED LIABILITY COMPANY**, one member must sign.
    If new firm is a **CORPORATION** - An executive officer must sign. Give officer's title. **CORPORATE SEAL** must be affixed at the space provided. Executive officers must be covered pursuant to the mandatory provisions of the Workers' Compensation Law.

7.  Indicate the nature of business, product sold, and materials used.

8.  Indicate location of the entity.

9.  Indicate the total number of employees.

10. Indicate the anticipated annual payroll.

11. List the full names, addresses, duties, and salaries of all principals of the new firm accepting the interest.

**Upon receipt of this form properly completed,** we will issue an endorsement effecting the transfer of the policy, unless the conditions are such that the interest cannot be transferred.

Very truly yours,

Titian Dion

Phone   (518) 437-6497

Fax:   (518) 437-8910

Email:   tdion@nysif.com

cc:  E STOCKTON MARTIN AGENCY INC

28

**NYSIF.** New York State Insurance Fund

# ASSIGNMENT OF INTEREST AGREEMENT

WC Policy: 1351815 - 4

(1). It is understood and agreed that, effective 12:01 A.M. _19 August 2015_
(DATE OF CHANGE OF INTEREST)

subject to all the agreements, conditions and limitations as hereunder expressed, the above captioned policy is hereby

(2). assigned to _Mountain Time Auctions, Antiques, Mattresses_ F.E.I.N. _47-5236656_
_Robert Craig Cassidy D/B/A_
(NAME OF NEW FIRM – ASSIGNEE)

(3). whose business address is _105   Montcalm St,   Ticonderoga   NY   12883_
        (NUMBER)    (STREET)    (CITY OR TOWN)    (STATE)    (ZIP CODE)

(4). The new form of ownership is indicated by an X:

[X] Individual  [ ] Copartnership  [ ] Corporation  [ ] Receiver  [ ] Trustee  [ ] Estate  [ ] Other

*For the purpose of serving notice, as provided in the Workers' Compensation Law, this insured employer agrees that written notice sent to the above address shall constitute valid notice.*

It is understood and agreed that if the new insured employer is a corporation (other than a religious, charitable, educa-
~~...~~ of any war of the United States) premium will be charged for
~~...~~ive, in accordance with the rules of the Manual of Workers'
~~...~~ly one or two executive officer(s) who also own(s) 100% of the
~~...~~ation may elect to delete coverage for such executive officer(s).
~~...~~ his agreement, warrants that he (it or they) is (are) in lawful
~~...~~nment of the interest of the insured therein named and said
~~...~~ duly issued thereunder and assume all obligations therein ex-
~~...~~ including liability and responsibility for the payment of any
~~...~~efund which may become due on account of this policy up to

PLAINTIFF'S EXHIBIT NO. _THREE_

CASE NO.: _8:18-cv-00394 (BKS/DJS)_

IDENTIFICATION: _U-3 V4 Form (1)_

ADMITTED:

Nothing herein contained shall be held to waive, alter, vary or extend any of the stipulations, agreements or limitations of this policy except as herein stated.

The State Insurance Fund shall not be bound by the assignment of interest agreement as herein set forth, unless it con-
sents thereto in writing, such consent to be evidenced by an endorsement which shall be attached to and form part of

WC Policy: 1351815 - 4        Issued to: _Mountain Time Furniture_
_Richard D. Harran D/B/A_
(NAME OF FIRM TRANSFERRING INTEREST)

(5). OLD FIRM   SIGN HERE: _Barbara J Norton_     _General Manager_
                          (A MEMBER OF OLD FIRM MUST SIGN PERSONALLY) - TITLE

(6a). NEW FIRM   PRINT HERE: _Robert Craig Cassidy D/B/A_
_Mountain Time Auctions, Antiques And Mattresses_
                          (PRINT NAME OF FIRM ACCEPTING INTEREST)

(6b).        SIGN HERE: _____     _Proprietor_
                          (A MEMBER OF THE NEW FIRM MUST SIGN PERSONALLY) - TITLE
                          List below the full names of all members of the new firm accepting interest.

CORPORATE SEAL OF ENTITY TRANSFERRING INTEREST

CORPORATE SEAL OF ENTITY ACCEPTING INTEREST

_29_

**NYSIF** New York State Insurance Fund

## INFORMATION REGARDING THE ENTITY FOR WHICH YOU HAVE REQUESTED COVERAGE

Policy Number: 1351815 - 4

Entity Name: MOUNTAIN TIME AUCTIONS, ANTIQUES, AND MATTRESSES

(7). Nature of Business of this Entity

RETAIL SALE OF MATTRESSES AND HOUSEHOLD AUCTION HOUSE

(8). Location of this Entity    105 MONTCALM ST., TICONDEROGA, N.Y. 12883

(9). Number of Employees    2    (10). Annual Payroll    9,000.00

(11). Name of Executive Officer/Partner or Member/Sole Proprietor Duties

ROBERT CRAIG CASSIDY

| Home Address | Salary $ |
| --- | --- |
| 43 PLEASANT ST, RUTLAND, VT 05701 | |
| Name of Executive Officer/Partner or Member | Duties |
| | |
| Home Address | Salary $ |
| | |

PLAINTIFF'S EXHIBIT NO. FouR

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: U-3 V4 FORM (2)

ADMITTED:

| | Duties |
| --- | --- |
| | |
| | Salary $ |
| | |
| | Duties |
| | |
| Home Address | Salary $ |
| | |
| Name of Executive Officer / Partner or Member | Duties |
| | |
| Home Address | Salary $ |
| | |

I hereby certify that the information given above is completed and accurate in every detail.

Signature of Executive Officer/Partner or Member/Sole Proprietor          Date

11 - 3 - 2015

( 30 )

Subj:      **WORKERS COMPENSATION REPORTING**
Date:      3/11/2016 11:26:30 A.M. Eastern Standard Time
From:      wfarnan@nysif.com
To:        VTCASSIDY@AOL.COM
CC:        kleffler@nysif.com, tcowles@nysif.com

Good morning,
Per our conversation, please use this link:
 https://www.nysif.com/efroi/reportaninjuryentry.aspx    to file the
*Employers' Report of Injury* for the incident involving WILLIAM C. NORTON's
accident of 10/28/2015.

The Loss ID# for this case is 68495290.  You will be asked to enter it when
you begin to file the report.
The policy number to use is 13518154

If you have any questions, please feel free to call me directly.

William J. Farnan
CuSRII
First Report of Injury - eFROI
Albany Business Office
New York State Insurance Fund
Telephone: (518)437-8050
Fax : (518) 437-8043

This e-mail transmission contains confidential information that is the property of the sender. If you are not the
intended recipient, you are notified that any retention, disclosure, reproduction or distribution of the contents of
this e-mail transmission, or the taking of any action in reliance thereon or pursuant thereto, is strictly prohibited.
No warranty is given by NYSIF that this e-mail is free of viruses, interception or interference. NYSIF disclaims
liability for any unauthorized opinion, representation, statement, offer or contract made by the sender on behalf of
NYSIF. Jurisdiction for all actions arising out of dealings with NYSIF shall lie only in a court of competent
jurisdiction of the State of New York.

PLAINTIFF'S EXHIBIT NO.   FIVE

CASE NO.: 8:18-CV-00394 (BICS/DJS)

IDENTIFICATION: W/C  INJURY  CLAIM

ADMITTED:

(31)

 **New York State Insurance Fund**

# ASSIGNMENT OF INTEREST AGREEMENT

**WC Policy: 1351815 - 4**

(1). It is understood and agreed that, effective 12:01 A.M. ___08/28/2015___
(DATE OF CHANGE OF INTEREST)

subject to all the agreements, conditions and limitations as hereunder expressed, the above captioned policy is hereby

(2). assigned to ___ROBERT CRAIG CASSIDY___ F.E.I.N. ___47-5236656___
(NAME OF NEW FIRM – ASSIGNEE)

(3). whose business address is ___105___ ___MONTCALM ST___ ___TICONDEROGA, NY 12883___
(NUMBER) (STREET) (CITY OR TOWN) (STATE) (ZIP CODE)

(4). The new form of ownership is indicated by an X:

☒ Individual  ☐ Copartnership  ☐ Corporation  ☐ Receiver  ☐ Trustee  ☐ Estate  ☐ Other

*For the purpose of serving notice, as provided in the Workers' Compensation Law, this insured employer agrees that written notice sent to the above address shall constitute valid notice.*

It is understood and agreed that if the new insured employer is a corporation (other than a religious, charitable, educational or municipal corporation or post or chapter of veterans of any war of the United States) premium will be charged for coverage of all executive officers, whether active or inactive, in accordance with the rules of the Manual of Workers' Compensation Insurance. However, if the corporation has only one or two executive officer(s) who also own(s) 100% of the stock and there are no inactive executive officers, the corporation may elect to delete coverage for such executive officer(s).

The assignee named herein, upon the acceptance of this agreement, warrants that he (it or they) is (are) in lawful possession of the policy and is legally entitled to an assignment of the interest of the insured therein named and said assignee agrees to accept such policy and all endorsements duly issued thereunder and assume all obligations therein expressed from the effective date hereinabove mentioned, including liability and responsibility for the payment of any premiums or additional premiums and/or be entitled to any refund which may become due on account of this policy up to the effective date of this assignment of interest agreement.

Nothing herein contained shall be held to waive, alter, vary or extend any of the stipulations, agreements or limitations of this policy except as herein stated.

The State Insurance Fund shall not be bound by the assignment of interest agreement as herein set forth, unless it consents thereto in writing, such consent to be evidenced by an endorsement which shall be attached to and form part of

**WC Policy: 1351815 - 4**          Issued to: ___MOUNTAIN TIME FURNITURE___
(NAME OF FIRM TRANSFERRING INTEREST)

(5). **OLD FIRM  SIGN HERE:** ✓ _____ (DBA)
(A MEMBER OF OLD FIRM MUST SIGN PERSONALLY) - TITLE

(6a). **NEW FIRM  PRINT HERE:** Mountain Time Auctions Antiques & Mattresses
(PRINT NAME OF FIRM ACCEPTING INTEREST)

(6b).       **SIGN HERE:** _____ Proprietor
(A MEMBER OF THE NEW FIRM MUST SIGN PERSONALLY) – TITLE
List below the full names of all members of the new firm accepting interest.

CORPORATE SEAL

CORPORATE SEAL OF ENTITY ACCEPTING INTEREST

(32)

PLAINTIFF'S EXHIBIT NO. Six
CASE NO.: 8:18-CV-00394 (BKS/DJS)
IDENTIFICATION: HARKER 4-3 V4
000244432

PLAINTIFF'S EXHIBIT NO.   SEVEN

CASE NO.: 8:18 -CV- 00394 (BKS/DJS)

IDENTIFICATION:   PAYMENT   246.56

ADMITTED: _____

---

**NYSIF**   *New York State Insurance Fund*

**WORKERS' COMPENSATION**

I WATERVLIET AVE EXT., ALBANY, NY, 12206-1649

Any questions, Call 1-888-875-5790

A 1351 815-4

RICHARD D HARKER DBA
MOUNTAIN TIME ~~FURNITURE~~
105 MONTCALM STREET ~~1328~~
TICONDEROGA NY 12883-1354

*Auctions*

107334

E STOCKTON MARTIN AGENCY INC
84 MONTCALM ST
TICONDEROGA NY 12883

*pd 12/15/15 ✓ 30*

| Policy Number | Group Number | Bill Number | Bill Date | Minimum Amount Due |
|---|---|---|---|---|
| A 1351 815-4 | 90 | 51086620 | 12/10/2015 | $246.56 By 01/09/2016 |

| Previous Balance | Payments Received | Other Credits | New Charges | Other Debits | Current Balance |
|---|---|---|---|---|---|
| $90.78 | $0.00 | $0.00 | $155.78 | $0.00 | $246.56 |

### Workers' Compensation Activity Period - 11/11/2015 to 12/10/2015

| Transaction Date | Reference # | Payment/Credit Status | Charges | Credits |
|---|---|---|---|---|
| November 10, 2015 | | Previous Balance | $90.78 | |
| | | Payment of past due amount of $90.78 must be received by 12/24/2015 to avoid cancellation. | | |
| | | **New Charges** | | |
| December 10, 2015 | P597813 | Installment 9 of 9 (04/10/2015) | $145.78 | |
| December 10, 2015 | 4139955 | Service Charge | $10.00 | |

>>>Your current Total Account Balance is $246.56. Payment of this amount is required to avoid service charges and/or future interest charges. See reverse side (Page 2) for details.

ROBERT CRAIG Cassidy   -   518585-6795
( 11 AM - 3 PM )

( 33 )

PLAINTIFF'S EXHIBIT NO. _Eight_

CASE NO.: _8:18-cv-00394 (BKS/DJS)_

IDENTIFICATION: _Payment 300,70_

ADMITTED: _Reciept 246,56_

_Exhibit 4_

 **NYSIF** New York State Insurance Fund

**WORKERS' COMPENSATION**

1 WATERVLIET AVE EXT., ALBANY, NY, 12206-1649

Any questions, Call 1-888-875-5790

A 1351 815-4     [14333-01][WCBILLS#-MBIL1#][01-00292]                    107334

RICHARD D HARKER DBA
MOUNTAIN TIME FURNITURE                         E STOCKTON MARTIN AGENCY INC
105 MONTCALM STREET # 1B                         84 MONTCALM ST
TICONDEROGA NY 12883-1354                         TICONDEROGA NY 12883

| Policy Number | Group Number | Bill Number | Bill Date | Minimum Amount Due |
|---|---|---|---|---|
| A 1351 815-4 | 90 | 51491655 | 03/10/2016 | $300.70 By 04/09/2016 |

| Previous Balance | Payments Received | Other Credits | New Charges | Other Debits | Current Balance |
|---|---|---|---|---|---|
| $246.56 | $246.56CR | $0.00 | $300.70 | $0.00 | $300.70 |

### Workers' Compensation Activity Period - 12/11/2015 to 03/10/2016

| Transaction Date | Reference # | Payment/Credit Status | Charges | Credits |
|---|---|---|---|---|
| December 10, 2015 | | Previous Balance | $246.56 | |
| December 22, 2015 | 005238 | Payment Received - Thank You | | $246.56- |
| | | **New Charges** | | |
| February 22, 2016 | E211910 | Renewal Pol. 25% Down Payment (04/10/2016 to 04/10/2017) | $300.70 | |

>>>Your current Total Account Balance is     $1,202.80. Payment of this amount is required to avoid service charges and/or future interest charges. See reverse side (Page 2) for details.

_CHECK # 10163_

_300.70_

_4-5-2016_     _34_

PLAINTIFF'S EXHIBIT NO. E IGHT (2)

CASE NO.: 8:18-cv-00394 (BKS/DJS)

IDENTIFICATION: 4-5-2016  ADDRESS CHANGE

ADMITTED:

To ensure proper credit, please mail payment & remittance slip 7 days prior to the due date to the address below.
Include policy number on your check.

**REMITTANCE SLIP**            4 - 5 - 2016

Pay your bill at nysif.com or call 1-877-309-6028
eCHECK  - no service fee
Credit card  - 2.5% convenience fee by Official Payments

| | |
|---|---|
| Policy No. | A 1351 815-4 |
| Current Balance: | $300.70 |
| Minimum Amount Due: | $300.70 |
| Date Due: | 04/09/2016 |
| Payment Enclosed: | |

Insured:

RICHARD D HARKER DBA
MOUNTAIN TIME FURNITURE
105 MONTCALM STREET # 1B
TICONDEROGA NY 12883-1354

Return to:

NYSIF Workers' Compensation
PO Box 5238
New York, NY 10008-5238

☒ CHECK BOX FOR CHANGE OR CORRECTION OF NAME OR ADDRESS
ENTER CHANGE ON REVERSE SIDE

13518154031016514916550000000300700000000300704

35

PLAINTIFF'S EXHIBIT NO. EIGHT (3)

CASE NO.: 8:18-cv-00394 (BKS/DJS)

IDENTIFICATION:
4-5: 2016 ADDRESS CHANGE

ADMITTED:

IF YOU HAVE CHECKED THE BOX ON THE REVERSE SIDE, PLEASE ENTER NEW INFORMATION BELOW.

Robert Craig Cassidy DBA

Mountain Time Auctions

105 Montcalm St.

Ticonderoga, N.Y. 12883 — 1354

296

36

# Glens Falls National

**Bank and Trust Company**
Member FDIC
250 Glen Street • Glens Falls, NY 12801
(518) 793-4121 • gfnational.com

Page:    5 of 5
Account:  11012922
Date:    04/27/2016

MOUNTAIN TIME AUCTIONS, ANTIQUES,
AND MATTRESSES
518 585-6755
105 MONTCALM STREET
TICONDEROGA, NY 12883
10162

2168

4-5  16

Pay To The Order Of  SYMBOL  MATTRESSES  $ 1,017.53

ONE THOUSAND SEVENTEEN ——  53/100  Dollars

GLENS FALLS NATIONAL
BANK AND TRUST COMPANY
www.gfnational.com

For  10  PIECES

**04/13/2016  10162  $1,017.53**

MOUNTAIN TIME AUCTIONS, ANTIQUES,
AND MATTRESSES
518 585-6755
105 MONTCALM STREET
TICONDEROGA, NY 12883
10163

5 APRIL  16

Pay To The Order Of  NYSIF  WORKER'S COMPENSATION  $ 300.70

THREE HUNDRED ——  70/100  Dollars

GLENS FALLS NATIONAL
BANK AND TRUST COMPANY
www.gfnational.com

For  A  1351  95-4

NYSIF ←

**04/11/2016  10163  $300.70**

MOUNTAIN TIME AUCTIONS, ANTIQUES,
AND MATTRESSES
518 585-6755
105 MONTCALM STREET
TICONDEROGA, NY 12883
10164

4-13  16

Pay To The Order Of  William  Norton  $ 45.00

FORTY-FIVE ——  00/100  Dollars

GLENS FALLS NATIONAL
BANK AND TRUST COMPANY
www.gfnational.com

For

**04/19/2016  10164  $45.00**

MOUNTAIN TIME AUCTIONS, ANTIQUES,
AND MATTRESSES
518 585-6755
105 MONTCALM STREET
TICONDEROGA, NY 12883
10166

4-21  16

Pay To The Order Of  William  Norton  $ 55.00

FIFTY-FIVE ——  00/100  Dollars

GLENS FALLS NATIONAL
BANK AND TRUST COMPANY
www.gfnational.com

For

**04/22/2016  10166  $55.00**

PLAINTIFF'S EXHIBIT NO.  NINE

CASE NO.:  B:18-CV-00394 (BKS/DJS)

IDENTIFICATION:  CHECK  10163  PAID

ADMITTED:

37

PLAINTIFF'S EXHIBIT NO.   TEN
CASE NO.:  8:18-cv-00394 (BKS/DJS)
IDENTIFICATION:   220.46 PAYMENT
ADMITTED:



**NYSIF**  *New York State Insurance Fund*

EXHIBIT  7
**WORKERS' COMPENSATION**

1 WATERVLIET AVE EXT., ALBANY, NY, 12206-1649

Any questions, Call 1-888-875-5790

A 1351 815-4     [14376-01][WCBILLS_-MBIL1#][01-00114]

107334

RICHARD D HARKER DBA
MOUNTAIN TIME FURNITURE
105 MONTCALM STREET # 1B
TICONDEROGA NY 12883-1354

E STOCKTON MARTIN AGENCY INC
84 MONTCALM ST
TICONDEROGA NY 12883

| Policy Number A 1351 815-4 | Group Number 90 | Bill Number 51773676 | Bill Date 05/10/2016 | Minimum Amount Due $220.46 By 06/09/2016 |
|---|---|---|---|---|

| Previous Balance $110.23 | Payments Received $0.00 | Other Credits $0.00 | New Charges $110.23 | Other Debits $0.00 | Current Balance $220.46 |
|---|---|---|---|---|---|

### Workers' Compensation Activity Period - 04/12/2016 to 05/10/2016

| Transaction Date | Reference # | Payment/Credit Status | Charges | Credits |
|---|---|---|---|---|
| April   11, 2016 | | Previous Balance | $110.23 | |

Payment of past due amount of     $110.23 must be received by 05/24/2016 to avoid cancellation.

New Charges     # 10178
220.46
5-28

| May   10, 2016 | P985810 | Installment 2 of 9 (04/10/2016) | $100.23 | |
| May   10, 2016 | 6425437 | Service Charge | $10.00 | |

>>>Your current Total Account Balance is     $922.10. Payment of this amount is required to avoid service charges and/or future interest charges. See reverse side (Page 2) for details.

38

# Glens Falls National

**Bank and Trust Company**
Member FDIC
250 Glen Street • Glens Falls, NY 12801
(518) 793-4121 • gfnational.com

2537

Page:     3 of 4
Account:  11012922
Date:     06/27/2016

PLAINTIFF'S EXHIBIT NO. _ELEVEN_

CASE NO.: 8:18-cv-00394 (BKS/DJS)

IDENTIFICATION: _CHECK 10178 PAID_

ADMITTED: _____

06/01/2016 170 $25.00



06/13/2016 10181 $415.00

06/01/2016 10177 $269.44

06/14/2016 10183 $57.58



06/02/2016 10178 $220.46

06/21/2016 10184 $636.00

06/03/2016 10179 $60.73

06/14/2016 10185 $152.18

06/09/2016 10180 ...

06/16/2016 10186 $133.00

39

7015 0640 0002 2353 3784

 **NYSIF**  New York State Insurance Fund

## PAYROLL REPORT

ROBERT CRAIG CASSIDY, DBA
~~RICHARD D HARKER DBA~~
MOUNTAIN TIME ~~FURNITURE~~ AUCTIONS, ANTIQUES, AND MATTRESSES
105 MONTCALM STREET # 1B
TICONDEROGA NY 12883-1354

PERIOD COVERED BY REPORT
04/10/2016 To 06/23/2016
Audit # 7244984

| | |
|---|---|
| Document # | F5K4Z7L1J9B6 |
| Date | 07/08/2016 |
| Policy Number | A 1351815 - 4 |
| Group # | 90 |

PLAINTIFF'S EXHIBIT NO.  TWELVE (1)

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: PAYROLL REPORT

ADMITTED:

*SEE BACK FOR INSTRUCTIONS

carriers to audit the payroll records of employers for the
ncy and in lieu of an actual audit at this time, it is necessary
s report is subject to verification by our auditors. The fastest
anu eastest way to complete this report is online. To complete this report online, go to www.nysif.com, and click "Online
Services", then "Submit Payroll Report".

1. Nature of Business?   RETAIL MATTRESS SALES + COLLECTIBLE SALES

2. Number of Locations?   1      3. Gross Annual Receipts or Revenue?   35,657.98

4. Federal Tax ID #?   47-5236656      5. Do You Employ Any **Unpaid** Relatives?  Yes ☐  No ☒

6. Did your business have any Ownership, Entity, Address, Name, Owner/Partner/Exec Officer or Other Changes? Yes ☒  No ☐
   If you answered "Yes" to questions 5 or 6, please list the specifics in the "Details" section on the back of this form.

7. Before proceeding further, please complete the Owners/Partners/Executive Officers section and read the instructions on the
   back of this form.

8. Please fill in below the total gross payroll of all employees, at all locations, for all insured entities for the period 04/10/2016
   to 06/23/2016. The **entire** gross payroll of each worker should be included within the **one** classification code that best
   describes their work duties. Please see the back of this form to determine whether to include below the salaries of
   owners/partners/executive officers.

| Code | Classification Description | Column A #Employees | #Locations | Column B Gross Annual Payroll * (See Instructions on Back) | |
|---|---|---|---|---|---|
| 8044 | FURN STORE-WHS-RETAIL & DVRS-U | 2 PART TIME | 1 | 1299.00 | .00 |
| | | | | | .00 |
| | | | | | .00 |
| | | | | | .00 |

Failure to provide all of the required information by 08/07/2016, will result in additional estimated earned premium being billed.

Certification: I (we) hereby certify that the above is a true and complete statement of the full amount of all salaries, wages,
earnings, and job classification for regular time, overtime, vacation pay, bonuses, and allowances earned by all persons in my
employ including all executive officers, relatives, casual and part-time employees. The Workers' Compensation Law provides that
any person making a false statement or representation concerning a material fact or omits a material fact is guilty of a felony.

Name: ROBERT CRAIG CASSIDY  Company Relationship:   OWNER

Signature: _____   Email: _____   Date: 7-19-2016

000 915359

2/0

Form DP-517 Version 1 (03/11/2010) [WC Policy-13518354]

5/6 Details: PLEASE NOTE DBA + FIRM NAME CHANGES ON PAGE 1.

7. Insert below the names, titles, description of duties, % stock or ownership & payrolls of all owners/partners/officers. If the annual salary is less than $35,100, use $35,100, if the annual salary exceeds $104,000, use $104,000, or if it is in between $35,100 & $104,000, list the actual salary.

| NAME | TITLE | DUTIES | % STOCK OR OWNERSHIP | GROSS PAYROLL |
|------|-------|--------|----------------------|---------------|
|      |       |        |                      |               |
|      |       |        |                      |               |
|      |       |        |                      |               |
|      |       |        |                      |               |

Instructions for codes based on payroll exposure

FOR CLASSIFICATION CODES 8044

Enter in "Column B" of the report the gross payroll before tax deductions for all employees, including relatives, for which this classification applies. Be sure to include payroll of all employees at all your locations. Payroll includes the full amount wages, including overtime at the regular rate of pay, the value of meals and lodging to the extent shown in your records, the rental value of an apartment of a house, commissions, bonuses, pay for holidays, vacations, or periods of sickness, and payments made by you which otherwise are required by law to be paid by your employees. Remuneration received by a sole proprietor or partner shall not be included for premium purposes unless coverage has been elected previously. Remuneration received by corporate officers shall be included for premium charges unless coverage has been previously excluded.

Do not include payroll for a sole proprietor or partner.

PLAINTIFF'S EXHIBIT NO. TWELVE (2)

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: PAYROLL REPORT

ADMITTED:

SIGN THE CERTIFICATION ON
THE FRONT PAGE AND MAIL
THIS REPORT TO THE ADDRESS
WHICH APPEARS TO THE RIGHT.



NYSIF DOCUMENT CONTROL CENTER
1 WATERVLIET AVENUE EXTENSION
ALBANY, NY 12206
USA

If you have any questions please contact your NYSIF underwriter: Kelsey Raga  by email at kraga1@nysit.com.

PERSONAL PRIVACY PROTECTION LAW NOTIFICATION

THE INFORMATION YOU PROVIDE IS PROTECTED BY THE PERSONAL PRIVACY PROTECTION LAW. THE AUTHORITY TO OBTAIN THE PERSONAL INFORMATION REQUESTED HEREIN IS FOUND IN SECTION 83 OF THE WORKERS' COMPENSATION LAW AS SUPPLEMENTED BY SECTIONS 450.1, 450.3 & 451.5 OF CHAPTERS VI OF TITLE 12(C) OF THE OFFICIAL COMPILATIONS OF CODES, RULES & REGULATIONS OF THE STATE OF NEW YORK. THE PRINCIPAL PURPOSE FOR WHICH THE INFORMATION IS SOUGHT IS TO ASSIST THE STATE INSURANCE FUND IN PROCESSING YOUR INSURANCE POLICY COVERAGE WITH THE STATE INSURANCE FUND & ITS RELEASE IS GOVERNED BY THE LIMITATIONS OF THE PERSONAL PRIVACY PROTECTION LAWS. THIS INFORMATION WILL BE MAINTAINED BY THE DIRECTOR OF UNDERWRITING, THE STATE INSURANCE FUND, 199 CHURCH STREET, NEW YORK, N.Y. 10007.

[597]11159690-1.



STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE
328 STATE STREET
SCHENECTADY, NY 12305
(866) 298-7830

THIS AGENCY EMPLOYS AND SERVES
PEOPLE WITH DISABILITIES WITHOUT
DISCRIMINATION.

ROBERT C CASSIDY
DBA MOUNTAIN TIME AUCTIONS ANTIQUES &
MATTRESSES
105 MONTCALM ST
TICONDEROGA NY 12883-1354

| | |
|---|---|
| WCB EMPLOYER #: | 2905274 |
| UIER #: | 52-35277 |
| FEIN/SS #: | 475236656 |
| Penalty ID: | 2016W0013351 |
| Penalty Amount: | $12,000.00 |

## NOTICE OF PENALTY PURSUANT TO SECTION 52(5) OF THE WORKERS' COMPENSATION LAW

DATE:     06/02/2016

Based on information available to the New York State Workers' Compensation Board regarding ROBERT C CASSIDY (employer), the Board has determined that:

\*   Since 09/30/2015, the employer was required to provide workers' compensation insurance coverage for its employees.

\*   The Board has no record of coverage for the period 09/30/2015 to the present.

Therefore, the Workers' Compensation Board has determined that the employer is in violation of Workers' Compensation Law Section 52(5) for the period 09/30/2015 to the present. A penalty has been assessed for each 10 day period of non-compliance.

As of the date of this notice, the penalty against the employer (and, if incorporated, its President, Secretary, and Treasurer) totals $12,000.00. The Board strongly recommends that you request a review of this penalty if you were not required to have a policy. You should also request a review, to possibly reduce the penalty amount, even if you were required to have a policy. Please follow the directions contained in this notice to request a review. This penalty will continue to increase for every 10 days of non-compliance.

You will receive a periodic statement from the Board that details your penalty status until you secure coverage and pay all penalties in full or demonstrate that the employer was not required to have coverage.

(Continued on reverse)

## PAYMENT INSTRUCTIONS

In order to insure prompt credit of your payment, complete the information below
and return this portion with your payment to:
WORKERS' COMPENSATION BOARD
FINANCE OFFICE
328 STATE STREET
SCHENECTADY, NY  12305-2318

Please detach and return bottom portion with your payment.

MAKE CHECKS PAYABLE TO "UNINSURED EMPLOYERS' FUND".
PLEASE INCLUDE YOUR WCB EMPLOYER NUMBER ON YOUR CHECK.

| Employer | ROBERT C CASSIDY | | |
|---|---|---|---|
| | | WCB Employer # | 2905274 |
| | | Penalty ID | 2016W0013351 |
| | | Check Amount | |

PLAINTIFF'S EXHIBIT NO.  THIRTEEN
CASE NO.: 8:18-CV-00394 (BKS/DJS)    42
IDENTIFICATION: $12,000 PENALTY
ADMITTED:

Page 1 of 2

ROBERT CRAIG CASSIOI                    1 JULY 2016
MOUNTAIN TIME AUCTIONS, ANTIQUES, AND MATTRESSES
105 MONTCALM STREET
TICONDEROGA, NEW YORK 12883


STATE OF NEW YORK
WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE
328 STATE STREET
SCHENECTADY, NY 12305


REFERENCE :    $ 12,000.00 PENALTY FOR ALLEGED
                    NON-COMPLIANCE .


WE FORMALLY PROTEST AND APPEAL THE PENALTY
LEVIED WITHOUT EVIDENTIARY HEARING ON
THIS MATTER.


THIS BUSINESS HAS BEEN IN COMPLIANCE SINCE
APRIL 10, 2015, AS THE ATTACHED "EXHIBIT ONE"
SHOWS.


PREMIUMS HAVE BEEN PAID AND NO LESS THAN
THREE U-3 FORMS HAVE BEEN FILED
SINCE SEPTEMBER 2015.

PLAINTIFF'S EXHIBIT NO. FOURTEEN

CASE NO.: 8:18-CV-00394 (BKS/DTS)

IDENTIFICATION: APPEAL 1

ADMITTED:



43

APPARENTLY A "MR. DION" TERRIFIED
DARLENE DORSETT OF THE L. STOCKTON
MARTIN AGENCY ON FEBRUARY 11, 2016,
AS SHE WROTE ME OF THE TELEPHONE
CALL (EXHIBIT 2). "MR. DION" COULD
NOT BE BOTHERED TO TELEPHONE ME
AT MOUNTAIN TIME'S LISTED TELEPHONE
NUMBER, 518 585-6795.

I PROMPTLY FILLED OUT MY THIRD FORM 4-3
AND SENT IT OFF TO MR. RICHARD HARKER
IN THE STATE OF COLORADO.

THE NEW YORK STATE INSURANCE FUND (HEREINAFTER
"NYSIF") FAILED AND NEGLECTED TO
PROCESS THE CHANGE OF ADDRESS ON POLICY
A 1351815-4 ON THE MARCH 10, 2016
BILL WHICH I PERSONALLY PAID APRIL 5, 2016,
ON CHECK NUMBER 10163.

I MARKED THE REMITTANCE COUPON CHANGE
OF ADDRESS BOX WITH AN "X" (EXHIBIT 5).

I FURTHER FILLED OUT THE CHANGE INFORMATION
(EXHIBIT 6) ON THE COUPON BACK.

PLAINTIFF'S EXHIBIT NO. FIFTEEN
CASE NO.: 8:18-CV-00394 (BKS/DJS)
IDENTIFICATION: APPEAL 2
ADMITTED:

44


ONCE AGAIN ON THE MAY 10, 2016, BILLING
(EXHIBIT 7) NYSIF FAILED AND
NEGLECTED TO CHANGE THE ADDRESS,
NOR DID NYSIF NOTIFY ME
WHY IT DID NOT DO SO,
THE $220.46 AMOUNT DUE WAS PAID
BY ME ON CHECK NUMBER 10178 ON
MAY 28, 2016.


IN SEPTEMBER 2015 AND DECEMBER 2015
I SUBMITTED FORMS U-3 TO THE
BOARD. AS THESE WERE NOT
RETURNED TO ME BY THE U.S. POSTAL
SERVICE, I HAVE TO PRESUME
NYSIF RECEIVED THEM AND IGNORED
THEM.

8:18-CV-00394 (BKS/ DJS)          APPEAL 3
                                  EXHIBIT SIXTEEN

DURING LATE AUGUST I CHOSE TO
PURCHASE THIS BUSINESS ON MONTCALM
STREET (A SEVERELY ECONOMICALLY CHALLENGED
STREET) IN TICONDEROGA (AN
ECONOMICALLY CHALLENGED TOWN) AND
ESSEX COUNTY (AN ECONOMICALLY CHALLENGED
COUNTY). I HAVE INVESTED $85,000.00
AND LOST BETWEEN $10,000 AND $20,000
OF MY OWN CAPITAL TRYING VERY
HARD TO MAKE TICONDEROGA A
BETTER AND STRONGER TOWN.
A $12,000 PENALTY, IF WILL BE FATAL

45

TO THOSE EFFORTS. BY THE WAY,
ALL SALES TAX AND PAYROLL TAX
DEPOSITS TO NEW YORK STATE HAVE
BEEN PAID.

PERHAPS YOU COULD BE KIND ENOUGH
TO TELL A SEVENTY-THREE YEAR
OLD U.S. ARMY VETERAN WHAT
CRIME I HAVE COMMITTED TO EARN
A $12,000 PENALTY?

I STRONGLY URGE THE BOARD TO
RESCIND THE PENALTY IN TOTAL
AS I HAVE CARRIED WORKMAN'S COMPENSATION
INSURANCE IN FORCE THE ENTIRE
TIME I HAVE MANAGED THIS BUSINESS
AND I HAVE MADE SEVERAL GOOD
FAITH EFFORTS TO CAUSE THE NYSIF
TO CHANGE THE BUSINESS ADDRESS.

ROBERT CRAIG CASSIDY

PLAINTIFF'S EXHIBIT NO. _SEVENTEEN_

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: APPEAL 4

 46

ADMITTED:



**Workers'**
**Compensation**
**Board**

KENNETH J MUNNELLY
Chair

ANDREW M. CUOMO
Governor

## WORKERS COMPENSATION

October 07th, 2016

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA NY 12883-1354

Emp#: 2905274
Period of Non-compliance:09/30/15 to Date
Penalty Amount: $18,000.00
Penalty Order #: 2016W0013351
FMIS#: 1846275

Dear Sir or Madam:

Your correspondence regarding the above cited penalty for failure of an employer to provide Workers Compensation coverage as required by Workers Compensation Law has been received for review by the Penalty Review Unit. After a review of the submitted material, the Board has determined that you are subject to the coverage requirements of the WCL. However, the Board is unable to consider your request for re-determination for the following reason:

The employer is currently not in compliance with the requirements for coverage under the Workers Compensation Law for the above period. **No proof of coverage has been received from your insurance company. Your policy with State Insurance Fund is still under your old Federal ID#.**

Please be advised that if you are subject to the Workers Compensation Law and have not obtained Workers Compensation coverage, penalties will be issued for all periods in which coverage was not in effect.

Please advise *your NYS Workers' Compensation Insurance carrier. THE STATE INSURANCE FUND* to submit your coverage information **electronically.** This carrier should report this policy using your **correct** Federal ID#**475233656**.

Penalty Review Unit (NEG)



PLAINTIFF'S EXHIBIT NO. EIGHTEEN
CASE NO.: 8:18-cv-00394 (BKS/DJS)
IDENTIFICATION: 10/7/2016 REJECTION
ADMITTED:

 47

(866) 750-5157 | www.WCB.NY.Gov



9672324B5   19   KNS-N3B   12883

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY 12883-1354

1803 Rocky River Road North
Monroe, NC 28110

PRESORTED
FIRST CLASS

12-23-16

PLAINTIFF'S EXHIBIT NO. NINETEEN

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: PIONEER POSTMARK

ADMITTED: 12-23-2016

G-5 Bulk (7-96)

**WORKERS' COMPENSATION BOARD**
STATE OF NEW YORK

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY 12883-1354

KBCDSSBB 12883

Return Service Requested
Bureau of Compliance
328 State St
Schenectady, NY 12305-2318

PRSRT FIRST-CLASS MAIL

Trusles
09843502068
ZIP 12204
12/23/2016
$00.37

US POSTAGE



(49)
8e5

PLAINTIFF'S EXHIBIT NO. TWENTY
CASE NO.: 8:18-cv-00394 (BKS/DJS)
IDENTIFICATION: NYBoard POSTMARK

PLAINTIFF'S EXHIBIT NO. TWENTY-ONE
CASE NO.: 8:18-CV-00394 (BKS/DJS)
IDENTIFICATION: NYBOARD 12/21/2016
ADMITTED:

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY  12883-1354

# NEW YORK STATE WORKERS' COMPENSATION BOARD

## BUREAU OF COMPLIANCE

Please Note:

This statement represents penalties and assessments related to workers' compensation insurance. You may receive a separate statement if you owe penalties and assessments related to disability benefits insurance.

Past due accounts are subject to referral to collection agencies (along with a 22 percent collection fee) and the filing of a judgement. Recent activity may not appear on this statement. Such activity will appear on future statements.

If you have an approved payment plan covering one or more of the sections on the attached billing statement, and are paid up to date, please continue to pay the monthly amount due on the payment plan rather than the total due. If there are any penalties or claims listed that are not included in your payment plan, please contact the Bureau of Compliance at (866) 298-7830.

● MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO: Uninsured Employer's Fund.

● MAKE SURE YOUR FMIS ACCOUNT NUMBER, 1846275, IS ON YOUR CHECK OR MONEY ORDER.

● MAKE SURE YOU SIGN YOUR CHECK.

● The Finance Office Address listed at the bottom of this page is for payment only.

● Any correspondence should be mailed to:

NYS WORKERS' COMPENSATION BOARD
FINANCE OFFICE, ASSESSMENT UNIT
328 STATE ST, RM 331
SCHENECTADY, NY 12305

IN ORDER TO ASSURE PROMPT CREDIT SEND YOUR
PAYMENT ALONG WITH THIS PORTION OF THE FORM

NYS WORKERS' COMPENSATION BOARD
FINANCE OFFICE, ASSESSMENT UNIT
328 STATE ST, RM 331
SCHENECTADY, NY 12305

MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO:
Uninsured Employers Fund. PLEASE INCLUDE YOUR FMIS
ACCOUNT NUMBER 1846275 ON YOUR CHECK. ITEMS ON
THIS STATEMENT ARE PAYABLE UPON RECEIPT.

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY  12883-1354

| | |
|---|---|
| STATEMENT DATE: | December 21, 2016 |
| WCB EMPLOYER NUMBER: | 2905274 |
| FMIS ACCOUNT NUMBER: | 1846275 |
| **Total Due:** | **$22,000.00** |
| **Total Enclosed:** | $ |

Payment Address:
   Pioneer Credit Recovery, Inc.
   P.O. Box 345
   Arcade, NY 14009

Correspondence Address:
   Pioneer Credit Recovery, Inc.
   P.O. Box 308
   Perry, NY 14530



**PIONEER**
Credit Recovery, Inc.

26 EDWARD STREET, ARCADE, NY 14009
Phone: 1-844-476-0556
Fax: 1-877-653-2839

Hours of Operation: EST/EDT
Mon-Thursday 8:00A.M. – 9:00P.M.
Friday 8:00A.M. – 5:00P.M.
Saturday 8:00A.M. – 12:00P.M.

**Pay online: http://myac**

PLAINTIFF'S EXHIBIT NO. TWENTY-TWO

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: Pioneer 12/21/2016

ADMITTED:

12/21/2016

RE: New York State Workers' Compensation Board
Account Number: 13029657
WCB Employer Number: 2905274
Balance Due: $22,000.00

Dear ROBERT C CASSIDY:

The New York State Workers' Compensation Board referred your account to our agency for collection. Your delinquent fines and fees totaling $22,000.00 are due in full. Please send payment to Pioneer Credit Recovery, Inc., along with the attached payment coupon, or you may pay via telephone, toll free at **1-844-476-0556**.

Failure to resolve your debt may result in the filing and execution of a judgment against you and/or your business as allowed under the Workers' Compensation Law and New York Civil Practice Law and Rules enforceable by The New York State Workers' Compensation Board. A judgment against you and/or your business is a matter of public record. Please take this opportunity to resolve your account voluntarily.

The Workers' Compensation Board has also informed us that you are subject to the following:

1) A 22% debt collection fee on the unpaid balance forwarded by the Board to Commercial Collection Agencies under New York State Finance Law Section 18.

2) Interest on past due non-tax debt at a rate equal to the corporate underpayment rate set by the Department of Taxation and Finance.

3) Interest will accrue at the legal rate of 9% on all claims for which the Board files judgment. The Board may file and execute a judgment without further notice to the employer as allowed under the Workers' Compensation Law and New York Civil Practice Law and Rules.

The Workers' Compensation Board has also determined that you are required to procure and maintain mandatory workers compensation and disability benefits insurance. If you believe that you are entitled to a rescission of the penalties assessed because you were exempt from maintaining insurance, you must forward evidence to us.

PLEASE SEE NEXT PAGE FOR IMPORTANT INFORMATION.

✂ PLEASE RETURN THIS PORTION WITH YOUR PAYMENT. THANK YOU! ✂
Please see next page if you would like to pay by credit card or pay online http://myaccount.pioneercreditrecovery.com



1803 Rocky River Road North
Monroe, NC 28110

**Borrower: ROBERT C CASSIDY**
**Account Number: 13029657**
**Total Current Balance: $22,000.00**

Please call us if you have a new address or telephone number.

01001

51

Pioneer Credit Recovery, Inc.
P.O. Box 345
Arcade, NY 14009

1699671222 000210 000210 000001/000001
ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY 12883-1354



CASE NO.: 8:18 -CV - 00394 (BKS/DJS)

IDENTIFICATION: PLAYERS IN THE SYSTEM (1)

ADMITTED: _____

# Employers / Businesses
## (/content/main/Employers/Employers.jsp)

### Workers' Compensation Coverage

---

### The Players in the System - Who Does What

* **New York State Workers' Compensation Board**
* **New York State Insurance Department**
* **Compensation Insurance Rating Board (CIRB (Compensation Insurance Rating Board))**
* **Insurers**
* **New York State Department of Labor**

To understand the workers compensation system, an employer or employee must first understand all the parties that are responsible for the process.

### New York State Workers' Compensation Board

The first major player, the Workers' Compensation Board (Board), was established to administer the New York State Workers' Compensation Law (WCL (Workers' Compensation Law)). It is responsible for the adjudication of claims and ensuring that employers provide the required coverage to their employees. The mission statement of the agency reads,

The mission of the Workers' Compensation Board is to equitably and fairly administer the provisions of the New York State Workers' Compensation Law, including Workers' Compensation Benefits, Disability Benefits, Volunteer Firefighters' Benefits, Volunteer Ambulance Workers' Benefits § Volunteer Civil Defense Workers' Benefits Law on behalf of our customers, New York's injured workers and their employers.

The Board administers the programs and laws of New York State in a fair and equitable fashion. The Board receives and processes claims and initially seeks to facilitate expedient agreements between injured workers and employers. When a consensus cannot be reached through administrative measures, it becomes necessary for the Board to conduct hearings before a Workers' Compensation Law Judge (Judge). Evidence and testimony are gathered and analyzed prior to the rendering of a decision by the Judge. While the decisions by Judges are binding, parties may seek administrative review of the Judge's decision to the Administrative Review Division. In such a case, a panel of three Board Commissioners will rule on the validity of the Judge's decision. Failing a unanimous decision by the panel, a mandatory full Board review by all thirteen Commissioners may be requested within 30 days of the filing date of the Board panel's decision. In addition, when the decision of the panel is unanimous, a party may seek discretionary full Board review. When a party files a discretionary full Board application, the Board has the option to grant or deny full Board review. The decision of the full Board may be further appealed to the State Appellate Division, Third Department (WCL §23).

CIRB also develops experience modification factors for employers with premiums in excess of $5,000; and est~~ablishes the~~ ~~classes~~ ~~underwriting of~~ workers' comp~~.~~

For more inform~~ation~~ ~~CIRB)~~ at 212-697-3535 or at www~~.~~

PLAINTIFF'S EXHIBIT NO. TWENTY -THREE(2)

CASE NO.: 8:18-CV- 00394 (BKS/DJS)

IDENTIFICATION:
PLAYERS IN  THE  SYSTEM (2)
ADMITTED: _____

## Insurers

Insurers are the fourth major player in the workers' compensation system and are comprised of private insurance carriers, the State Insurance Fund, self-insured employers and employers that are participating in group self-insurance.

## Private Insurance Carriers

Private insurance carriers collect premiums from employers to pay for the claims and related medical expenses of employees who are injured on the job. Over 200 private insurance carriers are currently authorized by the Insurance Department to provide workers' compensation insurance to employers.

## State Insurance Fund



The State Insurance Fund (SIF) is a not-for-profit agency of the State of New York that was established pursuant to the WCL in 1914 to provide a guaranteed source of workers' compensation insurance coverage at the lowest possible cost to employers within New York State (WCL §76 - 100). Despite its State agency status, SIF is a self-supporting insurance carrier that competes with private insurers. Just like any insurance carrier, SIF collects premiums from employers to pay for the claims and related medical expenses of employees who are injured on the job. The premiums are required by law to be fixed at the lowest possible rates. SIF must provide insurance to any employer seeking coverage, regardless of the employer's type of business, safety record or size. However, if an employer owes SIF money from a previous bill or account, SIF may deny coverage.

SIF is a totally separate and distinct entity from the NYS Workers' Compensation Board.

## Self-Insurers

An employer qualifies as a self-insurer by furnishing to the Chair of the Board satisfactory proof of its financial ability to pay compensation. Employers who wish to self-insure may do so in one of two ways:

1. by becoming an individual self-insurer or

2. by becoming a member of a self-insured group.

Individual self-insurance is primarily used by larger employers who can meet the significant financial standards to self-insure in their own right. Every individual self-insurer must post with the Board a security deposit equal to their outstanding indemnity and medical obligations. These deposits can take the form of a surety bond, letter of credit, cash and/or certain types of securities. The amounts posted are updated every year. In the event that the employer defaults on its obligations the deposit will be used by the Board to ensure claimants receive the benefits to which they are entitled.

PLAINTIFF'S EXHIBIT NO. TWENTY-FOUR

CASE NO.: 8:18-CV-00394 (BKS/DJS)

IDENTIFICATION: $22,500 PENALTY (1)

ADMITTED: _____

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY 12883-1354

## NEW YORK STATE WORKERS' COMPENSATION BOARD
## BUREAU OF COMPLIANCE

Please Note:

This statement represents penalties and assessments related to workers' compensation insurance. You may receive a separate statement if you owe penalties and assessments related to disability benefits insurance.

Past due accounts are subject to referral to collection agencies (along with a 22 percent collection fee) and the filing of a judgement. Recent activity may not appear on this statement. Such activity will appear on future statements.

If you have an approved payment plan covering one or more of the sections on the attached billing statement, and are paid up to date, please continue to pay the monthly amount due on the payment plan rather than the total due. If there are any penalties or claims listed that are not included in your payment plan, please contact the Bureau of Compliance at (866) 298-7830.

- MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO: Uninsured Employer's Fund.

- MAKE SURE YOUR FMIS ACCOUNT NUMBER, 1846275, IS ON YOUR CHECK OR MONEY ORDER.

- MAKE SURE YOU SIGN YOUR CHECK.

  - The Finance Office Address listed at the bottom of this page is for payment only.

  - Any correspondence should be mailed to:

    NYS WORKERS' COMPENSATION BOARD
    FINANCE OFFICE, ASSESSMENT UNIT
    328 STATE ST, RM 331
    SCHENECTADY, NY 12305

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

IN ORDER TO ASSURE PROMPT CREDIT SEND YOUR
PAYMENT ALONG WITH THIS PORTION OF THE FORM

    NYS WORKERS' COMPENSATION BOARD
    FINANCE OFFICE, ASSESSMENT UNIT
    328 STATE ST, RM 331
    SCHENECTADY, NY 12305


54

MAKE YOUR CHECK OR MONEY ORDER PAYABLE TO:
Uninsured Employers Fund. PLEASE INCLUDE YOUR FMIS
ACCOUNT NUMBER 1846275 ON YOUR CHECK. ITEMS ON
THIS STATEMENT ARE PAYABLE UPON RECEIPT.

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY 12883-1354

| | |
|---|---|
| STATEMENT DATE: | February 14, 2018 |
| WCB EMPLOYER NUMBER: | 2905274 |
| FMIS ACCOUNT NUMBER: | 1846275 |
| **Total Due:** | **$22,500.00** |
| **Total Enclosed:** $ | |

FM-600WC-REC

3076



NEW YORK STATE WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE

BILLING STATEMENT FOR: **ROBERT C CASSIDY**

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY  12883-1354

WCB EMPLOYER NUMBER:       2905274
FMIS Account Number:       1846275
Statement Date:            February 14, 2018
Statement Group:           15

**SECTION A.**    This section lists all outstanding penalties issued against you for non-compliance with the Workers' Compensation Law. Violation found under Section 52(5)

| Penalty Order # | Description | Penalty Period | Opening Balance | New Charges | Adjustments | Payments Received | Closing Balance |
|---|---|---|---|---|---|---|---|
| 2016W0013351 | Penalty for not having Workers' Compensation Insurance | 09/30/2015  -  12/31/2016 | 22,500.00 | 0.00 | 0.00 | 0.00 | 22,500.00 |

**SUMMARY SECTION**

| | | Opening Balance | New Charges | Adjustments | Payments Received | Total Due |
|---|---|---|---|---|---|---|
| Summary Total of Activity | | 22,500.00 | 0.00 | 0.00 | 0.00 | 22,500.00 |

* The Total Due in Summary Section includes $22,500.00 not due in judgment obtained in New York State Supreme Court

PLAINTIFF'S EXHIBIT NO. TWENTY-FOUR
CASE NO.: 8:18-cv-00394 (BKS/DJS)
IDENTIFICATION: $22,500 PENALTY (2)
ADMITTED: _____

55

# NEW YORK STATE WORKERS' COMPENSATION BOARD
BUREAU OF COMPLIANCE

BILLING STATEMENT FOR: **ROBERT C CASSIDY**

ROBERT C CASSIDY
105 MONTCALM ST
TICONDEROGA, NY 12883-1354

**WCB EMPLOYER NUMBER:** 2905274
FMIS Account Number: 1846275
Statement Date: February 14, 2018
Statement Group: 15

**SECTION A.** This section lists all outstanding penalties issued against you for non-compliance with the Workers' Compensation Law: Violation found under Section 52(5)

| Penalty Order # | Description | Penalty Period | Opening Balance | New Charges | Adjustments | Payments Received | Closing Balance |
|---|---|---|---|---|---|---|---|
| 2016W0013351 | Penalty for not having Workers' Compensation Insurance | 09/30/2015 - 12/31/2016 | 22,500.00 | 0.00 | 0.00 | 0.00 | 22,500.00 |

**SUMMARY SECTION**

| Summary Total of Activity | Opening Balance | New Charges | Adjustments | Payments Received | Total Due |
|---|---|---|---|---|---|
| | 22,500.00 | 0.00 | 0.00 | 0.00 | 22,500.00 |

* *The Total Due in Summary Section includes $22,500.00 not due in judgments obtained in New York State Supreme Court*

PLAINTIFF'S EXHIBIT NO. Twenty-five
CASE NO.: 8:18-cv-00394 (BKS/DJS)
IDENTIFICATION: NYS Judgment
ADMITTED:

56

FM-600WC

3013

# Rutland Regional Medical Center

## Patient Summary

**Name:** CASSIDY, ROBERT C          **Current Date:** 03/06/17 17:20:46
**MRN:** 29642          **FIN:**
**Chief Complaint:** Dizziness; Fall; Dizziness; DIZZINESS

**Visit Date:** 3/06/2017 1:43 PM America/New_York
**Address:** 43 PLEASANT ST RUTLAND VT 057015009
**Phone:** (802) 417-7601

PLAINTIFF'S EXHIBIT NO. _TWENTY-SIX_

CASE NO.: _8:18-CV-00394 (BKS / DJS)_

IDENTIFICATION:

ADMITTED: _CASSiDY HEAD WOUND_

**Primary Care Provider:**
  **Name:** MARK MESSIER, MD
  **Phone:** (802) 773-3386

**Emergency Department Care Provider:**

Rutland Regional Medical Center would like to thank you for allowing us to assist you with your healthcare needs.
The following includes patient education materials and information regarding your injury/illness.

**Please return to the Emergency Department immediately if your symptoms worsen.**

**Please call to schedule any appointments listed below within the next 24-48 hours**

**Follow-up Instructions**
CASSIDY, ROBERT C has been given these follow-up instructions:

| With: | Address: | When: |
|---|---|---|
| X MARK MESSIER | RUTLAND COMMUNITY HEALTH CENTER, 215 STRATTON ROAD RUTLAND, VT 05701 (802) 773-3386 Business (1) | Within 2 to 4 days |

**Comments:**

Return to ED if symptoms worsen
Bring current med list to next visit
Call for followup appointment and check on last tetanus
OK to take tylenol

(57)