U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 25 2019
AT____ O'CLOCK____
John M. Domurad, Clerk - Syracuse

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ROBERT CRAIG CASSIDY, d/b/a )
MOUNTAIN TIME AUCTIONS, ANTIQUES, )
and MATTRESSES )
                                  )
     PLAINTIFF                )
                                  )
         Vs.                   )
                                  )
ERIC MADOFF, EXECUTIVE DIRECTOR, )
NEW YORK STATE INSURANCE FUND; )
NEW YORK STATE INSURANCE FUND; )
TITIAN DION PERSONALLY AND AS AN )
EMPLOYEE OF NEW YORK STATE )
INSURANCE FUND; )
CLARISSA M. RODRIGUEZ, PERSONALLY, )
and as CHAIR, NEW YORK WORKERS' )
COMPENSATION BOARD; NEW YORK )
WORKERS' COMPENSATION BOARD; )
FREIDA FOSTER, ELLEN O. PAPROCKI, )
MARK HIGGINS, LOREN LOBBAN, )
SAMUEL G. WILLIAMS, LINDA HULL, )
FREDRICK M. AUSILL, STEVEN A. CRAIN, )
MARK R. STASKO, PERSONALLY and as )
COMMISSIONERS OF THE NEW YORK )
WORKERS' COMPENSATION BOARD; )
J.J. DOE1, J.J. DOE2, J.J. DOE3, )
PERSONALLY AND AS MEMBERS OF )
PENALTY REVIEW UNIT (NEG) NEW YORK )
WORKERS' COMPENSATION BOARD; )
JEFF MERSMANN, PRESIDENT, PIONEER )
CREDIT RECOVERY, INC., A NAVIANT )
COMPANY, and PIONEER CREDIT )
RECOVERY, INC. )
          DEFENDANTS         )

CIVIL CASE NO.:
8:18-cv-
00394 (BKS/DJS)

MOTION FOR MORE
DEFINITE STATEMENT
or TO STRIKE
FRCP 12(e), 12 (f) (2),
12(g)

PURSUANT TO

42 U.S.C. 1983
and
8th & 14th
AMENDMENTS
TO THE
CONSTITUTION
OF THE
UNITED STATES

Agreeable to Federal Rules of Civil Procedure 12 (e), 12 (f) (2), and 12 (g) (1), Plaintiff in the above captioned case moves for a "Motion for a More Definitive Statement" or in the alternative a "Motion to Strike." Plaintiff joins motion requests under FRCP 12 (g) (1).

1. In a document entitled "AFFIRMATION OF JOSEPH SLATER" submitted on June 28 2019 with A.A. G. Brian W. Matula's motion papers demanding dismissal of this action, Joseph Slater, Esq., stated he was "employed as a Senior Attorney at the New York State Workers' Compensation Board" and affirmed "under penalties of perjury the following:"

2. Among the "following" Senior Attorney Slater affirmed "under penalties of perjury" was his item 8. which reads:

"Plaintiff attached several documents with his Amended Complaint, but failed to attach the Final Notice which was mailed to Plaintiff on or about November 28, 2017. This notice specifically informed Plaintiff that the Board would file a judgment against the Plaintiff if payment of the outstanding penalty amount was not received. Attached hereto as "Exhibit C" is a copy of the Final Notice."

3. Plaintiff "failed to attach" the so-called Final Notice to his Amended Complaint simply because Plaintiff never received that document. Further evidence casts doubts on the credibility of "Senior Attorney" Slater given his statement in item 9.

"The judgment was filed approximately four (4) months later on March 30, 2018."

4. Plaintiff made three 185 mile round trips to Elizabethtown, New York, to secure from the Essex County Clerk a signed, notarized letter dated July 16 2019 stating flatly that

"No judgments or liens were found to be filed in this Office against Robert Craig Cassidy or Mountain Time Auctions, Antiques, and Mattresses. There are currently two open mortgages on record naming Robert Craig Cassidy as mortgagor." (EX-01 to EX-08)

These two mortgages Plaintiff obtained back in 2016 when Plaintiff obtained the building

at 105 Montcalm Street in Ticonderoga from Pamela Bedard and the auction business from Richard Harker. The Court will notice several entries for a "Robert D. Cassidy" who appears to have had problems with child support payments. Plaintiff is not now and never has been known as "Robert D. Cassidy" and at age 76 his child support days are long gone.

5. In the unlikely event that the WCB filed its "judgment" in Vermont, Plaintiff obtained from the Vermont Superior Court, Civil Division, Rutland Unit, a letter stating "...for the period beginning August 1 2015 thru July 11, 2019 ... no judgments entered against Robert Craig Cassidy of 43 Pleasant Street, City of Rutland, County of Rutland, State of Vermont ..." (EX-09) August 2015 through July 2019 marks the period Plaintiff has conducted business in Ticonderoga.

6. Originals of both letters are attached. Under the pains and penalties of perjury, Plaintiff swears and affirms that both letters bear the signatures of custodians of records for each county, that both signatures are certified, and both letters bear the official seals of their counties.

7. A.A.G. Matula relies heavily is his dismissal motion on the Rooker-Feldman defense. By claiming a judgment filing date of March 28 2018 A.A.G. Matula by three business days satisfies Rooker-Feldman's requirement that this Plaintiff must have received a State Court judgment and is merely seeking a second bite of the apple in Federal Court. Plaintiff reminds the Court that his original filing date in U.S. District Court was April 2 2018. As long ago as his May 4 2018 filing (EX-10) A.A.G. Matula on page 6 (EX-11) quoted almost the entire NYS WCL 26 statute with his own bold emphasis blaring out:

**"... judgment must be entered in the supreme court by the clerk of such county..."**

**"... no appeal may be taken therefrom ...."**

Further, roughly half of A.A.G. Matula's dismissal motion of June 28 2019 from pages thirteen through twenty-four deal with actions taken on a judgment that appears not to exist despite Senior Attorney Slater's sworn assurances to the contrary.

## RELIEF SOUGHT

8. Plaintiff asks the Court to order State Defendants to provide Plaintiff with a certified copy of the March 28 2018 judgment and a receipt from a County of Essex official acknowledging the entry of that judgment with date clearly shown..

9. Should State Defendants fail to provide information requested in paragraph 8 in a timely manner, Plaintiff asks the Court to strike all of the State Defendant's June 28 2019 filings and order A.A.G. Matula to re-file a corrected motion to dismiss. State Defendants' "Affirmation of Joseph Slater" Plaintiff asks to have totally stricken as unreliable.

10. Plaintiff seeks no other sanctions for what may or MAY NOT be more than "sloppy record keeping."

Dated July 23 2019

_____
Robert Craig Cassidy
43 Pleasant Street
Rutland, Vermont 05701

Copies sent via first class U.S. Mail postage pre-paid to:

| | |
|---|---|
| Brian W. Matula, Esq. | Jacqueline M. Aiello, Esq. |
| Assistant Attorney General | Stradley, Ronon Stevens & Young LLP |
| The Capital | 100 Park Avenue Suite 2000 |
| Albany, New York 12224-0341 | New York, New York 10017 |

State of New York
County of Essex

On July 23, 2019 before me, the undersigned, personally appeared Robert Craig Cassidy personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

**TONYA M. THOMPSON**
Notary Public, State of New York
Qualified in Essex County
No. 01TH6222864
My Commission Expires June 1, 2022

EX-01

# OFFICE OF THE ESSEX COUNTY CLERK



**JOSEPH A. PROVONCHA**
Essex County Clerk
Clerk, Supreme and County Courts
Records Management Officer

July 16, 2019

Please take notice:

On July 12, 2019, Robert Craig Cassidy of 105 Montcalm Street, Town of Ticonderoga, County of Essex, State of New York requested a records search of judgments, liens and / or attachments filed in the Office of the Essex County Clerk against him individually or his business, Mountain Time Auctions, Antiques and Mattresses.

No judgments or liens were found to be filed in this Office against Robert Craig Cassidy or Mountain Time Auctions, Antiques and Mattresses. There are currently two open mortgages on record naming Robert Craig Cassidy as mortgagor. Please see attached search results.

The records of the Essex County Clerk may be searched and viewed online at www.searchiqs.com/nyess.

Sincerely,

Joseph A. Provoncha
Essex County Clerk

Attachments (7)

State of New York
County of Essex

On July 16, 2019 before me, the undersigned, personally appeared Joseph A. Provoncha personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted; executed the instrument.

*Pamela J Williams*
(Signature and office of individual taking acknowledgment)

PAMELA J WILLIAMS
Notary Public, State of New York
Registration #04WI6060109
Qualified in Essex County
Commission Expires June 11, 2022

```
Joseph A. Provoncha, County Clerk
Search Results
Search Date: 07/16/2019 01:05 PM
Verified Date: 06/21/2019
```

EX-02

```
Search Criteria:
    Recording Date  =  All
    Party Name         CASSIDY*, ROB*
    Sorted By Rec Date ASCENDING
```

| T | PARTY | OPPOSITE PARTY | REC DATE | INSTRUMENT | DESCRIPTION | TOWN |
|---|---|---|---|---|---|---|
| 2 | CASSIDY ROBERT D | COMMISSIONER OF TAXATIO | 11/13/2000 | 109/80 | JUDGMENT | |
| 2 | CASSIDY ROBERT D | BAKER JEANNINE M | 08/29/2001 | 113/68 | JUDGMENT | |
| 2 | CASSIDY ROBERT D | BAKER JEANNINE M | 08/29/2001 | 113/74 | JUDGMENT | |
| 2 | CASSIDY ROBERT D | COMMISSIONER OF TAXATIO | 01/21/2003 | 120/120 | JUDGMENT | |
| 2 | CASSIDY ROBERT D | BAKER JEANNINE M OBO | 04/05/2005 | 132/58 | JUDGMENT | |
| 2 | CASSIDY ROBERT D | COMMISSIONER E C D S S | 06/07/2012 | 35/33 | SATISFACTION OF JUDG | |
| 2 | CASSIDY ROBERT D | NEW YORK STATE DEPT OF | 06/20/2012 | 35/61 | SATISFACTION OF JUDG | |
| 2 | CASSIDY ROBERT CRAIG | MOUNTAIN TIME AUCTIONS | 08/19/2015 | 48/28 | DOING BUSINESS AS | |
| 2 | CASSIDY ROBERT CRAIG | HARKER RICHARD | 06/27/2016 | 1840/234 | DEED | TICONDEROG |
| 2 | CASSIDY ROBERT CRAIG | HARKER RICHARD | 06/27/2016 | 2391/22 | MORTGAGE | TICONDEROG |
| 1 | CASSIDY ROBERT CRAIG | BEDARD PAMELA | 06/27/2016 | 2391/29 | MORTGAGE | TICONDEROG |
| 2 | *CASSIDY ROBERT D | NEW YORK STATE DEPT OF | 07/15/2019 | 2019-759 | SATISFACTION OF JUDG | |

```
* = UNVERIFIED DOCUMENT
12 name(s) found in 12 document(s)
```

Joseph A. Provoncha, County Clerk
Search Results
Search Date: 07/15/2019 02:27 PM
Verified Date: 06/21/2019

EX-C3

Search Criteria:
　　Recording Date = ALL
　　Party Name    MOUNTAIN TIME AUC*

| T | PARTY | OPPOSITE PARTY | REC DATE | INSTRUMENT | DESCRIPTION | TOWN |
|---|---|---|---|---|---|---|
| 1 | MOUNTAIN TIME AUCTIONS | HARKER RICHARD D | 07/06/2006 | 22/187 | DOING BUSINESS AS | |
| 1 | MOUNTAIN TIME AUCTIONS | HARKER RICHARD D | 08/19/2015 | 48/29 | DBA DISCONTINUANCE | |
| 1 | MOUNTAIN TIME AUCTIONS ANTIQUES | CASSIDY ROBERT CRAIG | 08/19/2015 | 48/28 | DOING BUSINESS AS | |

3 name(s) found in 3 document(s)

EX-04

Joseph A. Provoncha, County Clerk

| Field | Value |
|---|---|
| Instr #: | 2000-100784 |
| Book/Page: | 109 / 80 |
| Rec Date: | 11/13/2000 09:53:00 |
| Doc Grp/Desc: | J / JUDGMENT |
| Creditor: | COMMISSIONER OF TAXATION & FINANCE |
| Debtor: | CASSIDY ROBERT D<br>3 SPRING STREET<br>KEESEVILLE<br>NY 12944 |
| Court Name: | WARRANT |
| Where Perfected: | ESSEX |
| Perfected Date: | |
| Perfected Time: | 09:00A |
| Description: | B66#324 BK 109 PG 80 |
| Part. Sat. Date: | |
| Fully Sat. Date: | 7/15/2019 |
| Execution Sat Date: | |
| Execution Unsat Date: | |
| Damages: | $5,953.11 |
| Costs: | $0.00 |
| Disbursements: | |
| Interest: | |
| Total: | $5,953.11 |
| Plaintiff Attorney: | |
| Defendant Attorney: | |
| Notes: | |
| Related: | 07/15/2019 SATISFACTION OF JUDG Instr#: 2019-759 |

Joseph A. Provoncha, County Clerk

Ex-05

| | |
|---|---|
| Instr #: | 2001-100737 |
| Book/Page: | 113 / 68 |
| Rec Date: | 08/29/2001  09:49:00 |
| Doc Grp/Desc: | J / JUDGMENT |
| Creditor: | BAKER JEANNINE M<br>28 JACKSON STREET<br>KEESEVILLE NY 12944 |
| Debtor: | CASSIDY ROBERT D<br>18 SAILLY AVENUE<br>PLATTSBURGH NY 12901 |
| Court Name: | FAMILY COURT |
| Where Perfected: | ESSEX |
| Perfected Date: | |
| Perfected Time: | 09:49A |
| Description: | E3#440 BK 113 PG 68 |
| Part. Sat. Date: | |
| Fully Sat. Date: | 2/20/2003 |
| Execution Sat Date: | |
| Execution Unsat Date: | |
| Damages: | $349.77 |
| Costs: | $0.00 |
| Disbursements: | |
| Interest: | |
| Total: | $349.77 |
| Plaintiff Attorney: | |
| Defendant Attorney: | |
| Notes: | |
| Related: | |

Joseph A. Provoncha, County Clerk

Ex-06

Instr #:              2001-100740
Book/Page:            113 / 74

Rec Date:             08/29/2001   09:49:00
Doc Grp/Desc:         J / JUDGMENT

Creditor:             BAKER JEANNINE M
                         28 JACKSON STREET
                         KEESEVILLE NY 12944

Debtor:               CASSIDY ROBERT D
                         18 SAILLY AVENUE
                         PLATTSBURGH NY 12901

Court Name:           FAMILY COURT

Where Perfected:      ESSEX

Perfected Date:

Perfected Time:       09:49A

Description:          E3#443 BK 113 PG 74

Part. Sat. Date:

Fully Sat. Date:      3/5/2003

Execution Sat Date:

Execution Unsat Date:

Damages:              $770.27

Costs:                $0.00

Disbursements:

Interest:

Total:                $770.27

Plaintiff Attorney:

Defendant Attorney:

Notes:

Related:

Joseph A. Provoncha, County Clerk

EX-07

| | |
|---|---|
| Instr #: | 2003-300049 |
| Book/Page: | 120 / 120 |
| Case #: | I16#41 |
| Rec Date: | 01/21/2003 08:00:00 |
| Doc Grp/Desc: | J / JUDGMENT |
| Creditor: | COMMISSIONER OF TAXATION & FINANCE |
| Debtor: | CASSIDY ROBERT D<br>3 SPRING STREET<br>KEESEVILLE NY 12944 |
| Court Name: | WARRANT |
| Where Perfected: | ESSEX |
| Perfected Date: | |
| Perfected Time: | 09:00A |
| Description: | BK 120 PG 120 |
| Part. Sat. Date: | |
| Fully Sat. Date: | 6/20/2012 |
| Execution Sat Date: | |
| Execution Unsat Date: | |
| Damages: | $1,006.39 |
| Costs: | $0.00 |
| Disbursements: | |
| Interest: | |
| Total: | $1,006.39 |
| Plaintiff Attorney: | |
| Defendant Attorney: | |
| Notes: | |
| Related: | 06/20/2012  SATISFACTION OF JUDG  Bk: 35  Pg: 61 |

CORRECTIONS: (As of 07/16/2019 01:07 PM)
06/20/2012    DELETE CASE NUMBER:
06/20/2012    DELETE DOC DESCRIPTION:    JUDGMENTS
06/20/2012    ADD DOC DESCRIPTION:       JUDGMENT
06/20/2012    ADD CASE NUMBER:           I16#41
12/17/2010    DELETE DOC DESCRIPTION:    COURT
12/17/2010    ADD DOC DESCRIPTION:       JUDGMENTS

Joseph A. Provoncha, County Clerk

EX-05

Instr #: 2005-500317
Book/Page: 132 / 58

Rec Date: 04/05/2005 15:52:00
Doc Grp/Desc: J / JUDGMENT

Creditor: BAKER JEANNINE M OBO
ESSEX CO DEPT OF SOCIAL SERVICES
   NY
ONEIL JOHN P COMMISSIONER
   NY

Debtor: CASSIDY ROBERT D
432 MARGARET STREET #33
PLATTSBURGH NY 12901

Court Name: FAMILY COURT

Where Perfected: ESSEX

Perfected Date: 4/5/2005

Perfected Time: 352

Description: A53#302

Part. Sat. Date:

Fully Sat. Date: 6/7/2012

Execution Sat Date:

Execution Unsat Date:

Damages: $72.67

Costs:

Disbursements:

Interest:

Total: $72.67

Plaintiff Attorney:

Defendant Attorney:

Notes: 04/05/2005 JUDGMENT

Related: 06/07/2012 SATISFACTION OF JUDG Bk: 35 Pg: 33

CORRECTIONS: (As of 07/16/2019 01:07 PM)
06/07/2012   DELETE DOC DESCRIPTION:   JUDGMENTS
06/07/2012   ADD DOC DESCRIPTION:      JUDGMENT
12/17/2010   DELETE DOC DESCRIPTION:   COURT
12/17/2010   ADD DOC DESCRIPTION:      JUDGMENTS

Ex-09

**VERMONT SUPERIOR COURT**
**CIVIL DIVISION, RUTLAND UNIT**



(802) 775-4394 (Voice)
(802) 775-2291 (FAX)

**Mailing Address:**
83 Center Street
Rutland, VT
05701

To Whom It May Concern:

I have examined the civil records of the County of Rutland, State of Vermont, for the period beginning August 1, 2015 thru July 11, 2019 and find no judgments entered against Robert Craig Cassidy of 43 Pleasant Street, City of Rutland, County of Rutland, State of Vermont during that period of time.

*Sharon McNeil*

Sharon McNeil
Court Operations Manager
Vermont Superior Court
Rutland Civil & Probate Divisions
83 Center St.
Rutland, VT 05701

Certified to be a true copy of the original as the same appears on file in this office.

*Sharon McNeil*
Vermont Superior Court
83 Center Street
Rutland, Vermont 05701



Ex-10

Plaintiff's claims are therefore untimely and should be dismissed.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint should be dismissed in its entirety.

Dated: May 4, 2018
Albany, New York

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
The Capitol
Albany, New York 12224-0341

By: *s/Brian W. Matula*
Brian W. Matula, Esq.
Assistant Attorney General, of Counsel
Bar Roll No. 511717
Telephone: (518) 776-2599
Fax: (518) 915-7738 (Not for service of papers.)
Email: Brian.Matula@ag.ny.gov

thirty days to appeal this decision to New York's Appellate Division – Third Department. *See* WCL §23. The Third Department has exclusive jurisdiction to hear any challenge to an award or decision of the WCB. *See* WCL §23. In the event that the employer wishes to challenge the determination of the Third Department, the employer may then apply to New York's Court of Appeals for review in accordance with New York law. *See* WCL §23.

If the employer fails to challenge the Board's determination, or where the Board's determination is affirmed by the Court, the WCL empowers the Board to convert the penalties into a judgment pursuant to WCL §26, which provides in relevant part:

> "... **in case of failure by an employer, within twenty days after it is due, to pay an assessment imposed by the chairman pursuant to subdivision five of section fifty-two of this chapter,** the chairman in any such case or on the chairman's consent any party to an award may file with the county clerk for the county in which the injury occurred or the county in which the employer has his principal place of business, (1) a certified copy of the decision of the workmen's compensation board awarding compensation or ending, diminishing or increasing compensation previously awarded, from which no appeal has been taken within the time allowed therefor, or if an appeal has been taken by an employer who has not complied with the provisions of section fifty hereof, where he fails to deposit with the chairman the amount of the award as security for its payment within ten days after the same is due and payable, or (2) a certified copy of the demand for deposit of security, or (3) a certified copy of the chairman's order imposing, and the demand for payment of, **such assessment, and thereupon judgment must be entered in the supreme court by the clerk of such county in conformity therewith immediately upon such filing.**"

*See* WCL §26 (emphasis added). Once the judgment is entered, it has "the same effect and [is] subject to the same proceedings as though rendered in a suit duly heard and determined by the supreme court, **except that no appeal may be taken therefrom**." *Id.* (emphasis added).