# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ROBERT CRAIG CASSIDY d/b/a MOUNTAIN TIME
AUCTIONS, ANTIQUES, AND MATTRESSES,

                                8:18-cv-00394 (BKS/DJS)

                Plaintiff,

v.

ERIC MADOFF, Executive Director, New York State Insurance Fund; NEW YORK STATE INSURANCE FUND; TITIAN DION, personally and as an employee of New York State Insurance Fund; CLARISSA M. RODRIGUEZ, Chair, New York Worker's Compensation Board; NEW YORK WORKER'S COMPENSATION BOARD; FRIEDA FOSTER; ELLEN O. PAPROCKI; MARK HIGGINS; LOREN LOBBAN; SAMUEL G. WILLIAMS; LINDA HULL; FREDERICK M. AUSILI; STEVEN A. CRAIN; MARK R. STASKO, personally and as commissioners of the New York Worker's Compensation Board; J.J. DOE1; J.J. DOE2; J.J. DOE3, personally and as members of Penalty Review Unit (NEG) New York Worker's Compensation Board; JEFF MERSMANN, President, Pioneer Credit Recovery, Inc., a Naviant Company; and PIONEER CREDIT RECOVERY, INC.,

                Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Robert Craig Cassidy
Rutland, VT 05701

*For Defendants Jeff Mersmann and Pioneer Credit Recovery, Inc.:*
Jacqueline M. Aiello
Stradley Ronon Stevens & Young, LLP
100 Park Avenue, Suite 2000
New York, NY 10017

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff pro se Robert Craig Cassidy, d/b/a Mountain Time Auctions, Antiques, and Mattresses,[1] brings this action against, among others, Defendants Jeff Mersmann, President of Pioneer Credit Recovery, Inc. ("Pioneer"), and Pioneer. (Dkt. No. 24). He alleges denial of his constitutional due process and equal protection rights under 42 U.S.C. § 1983, and appears to allege violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g.[2] (Dkt. No. 24). Presently before the Court is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[3] (Dkt. No. 28). Plaintiff opposes Defendants' motion. (Dkt. No. 32). For the reasons that follow, Defendants' motion is granted.

**II.    BACKGROUND[4]**

The factual background of this matter is set forth in *Cassidy v. Madoff*, No. 18-cv-00394, 2018 WL 5792786, at *1–4, 2018 U.S. Dist. LEXIS 188929, at *2–11 (N.D.N.Y. Nov. 5, 2018), which the Court incorporates herein. Briefly, this action arises from Plaintiff's purchase, in 2015, of Mountain Time Furniture, which Plaintiff renamed Mountain Time Auctions, a "small auction house" in Ticonderoga, New York. (Dkt. No. 24, at 8). In September 2015, Plaintiff, as "Robert

---

[1] The Second Circuit has noted that "some courts allow sole proprietorships to proceed pro se," presumably because a sole proprietorship has "no legal existence apart from its owner." *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007). Nothing in the record suggests that Mountain Time Auctions is more than a sole proprietorship or has an existence apart from Mr. Cassidy. (*See, e.g.*, Dkt. No. 24, at 47 (New York Workers' Compensation Board sent penalty notices directly to Mr. Cassidy)).

[2] Plaintiff also alleges Pioneer violated 18 U.S.C. § 1341 "by placing in the US Mail a letter demanding $4840 from Plaintiff which money was not owed." (Dkt. No. 24, ¶ 52). There is no private right of action under the mail fraud statute. *Official Publ'ns, Inc. v. Kable News Co.*, 884 F.2d 664, 667 (2d Cir. 1989) (noting that 18 U.S.C. § 1341 does "not provide a private right of action").

[3] Only Mersmann and Pioneer have appeared in connection with this motion.

[4] All facts are taken from the Amended Complaint and its exhibits and are assumed to be true for purposes of the parties' motions. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Craig Cassidy DBA Mountain Time Auctions," and the New York State Insurance Fund ("NYSIF") began communicating via mail concerning workers' compensation insurance coverage for Mountain Time Auctions, through which Plaintiff attempted to inform the NYSIF that he was the new owner of Mountain Time Furniture (now Auctions) and requested that the NYSIF update its records accordingly. (*Id.* 9–10). Among other things, Plaintiff completed, and sent to the NYSIF, an Assignment of Interest Agreement between Plaintiff and the former owner of Mountain Time Furniture. (*Id.* at 32). From December 2015 to May 2016, the NYSIF billed, and Plaintiff paid, worker's compensation coverage premiums. (*Id.* ¶¶ 17–18). On at least one of the bills, Plaintiff crossed out "Furniture" from "Mountain Time Furniture" and wrote "Auctions." (*Id.* at 33).

On June 2, 2016, the New York Workers' Compensation Board ("WCB") issued Plaintiff a "Notice of Penalty Pursuant to Section 52(5) of the Worker's Compensation Law ["WCL"]" based on Plaintiff's purported failure to procure workers' compensation insurance coverage and assessed a penalty in the amount of $12,000. (*Id.* at 42). The notice stated: "Based on information available to the [WCB] regarding Robert C Cassidy (employer), the Board has determined that: Since 09/30/2015, the employer was required to provide workers' compensation insurance coverage for its employees. The Board has no record of coverage for the period 09/30/2015 to the present." (*Id.*).

On December 21, 2016, Plaintiff received a second penalty notice from the WCB "raising the penalty to $22,000.00" without a hearing, evidence, written findings of fact, or an unbiased referee. (Dkt. No. 24, at 11–12, 50).

The same day he received the WCB's second penalty notice (December 21, 2016), Plaintiff received "a notice from Pioneer claiming a $4,840.00 fee for collecting Plaintiff's 'delinquent' account." (Dkt. No. 24, at 12, 51). In the letter to Plaintiff, Pioneer wrote:

> The New York State [WCB] referred your account to our agency for collection. Your delinquent fines and fees totaling $22,000.00 are due in full. Please send payment to Pioneer . . . .
>
> Failure to resolve your debt may result in the filing and execution of a judgment against you and/or your business as allowed under the Workers' Compensation Law and New York Civil Practice Law and Rules enforceable by the [WCB].

(*Id.* at 51). Pioneer further advised that Plaintiff was subject to a "22% debt collection fee," "[i]nterest on past due non-tax debt," and interest at the rate of 9% "on all claims for which the Board files judgment." (*Id.*). Pioneer indicated that the WCB had determined that Plaintiff was "required to procure and maintain mandatory workers compensation and disability benefits insurance" and that if he believed he was "entitled to a rescission of the penalties assessed because you were exempt from maintaining insurance, you must forward evidence to us." (*Id.*).

On January 23, 2017, Plaintiff wrote to Pioneer to challenge the validity of the debt. (*Id.* at 16–17). "As of December 1, 2018 no reply to Plaintiff's request from Pioneer has been received and no 'verification' has arrived further denying Plaintiff due process." (*Id.*). According to the Amended Complaint, Defendant Mersmann "may well have authorized this policy at a board of director's meeting." (*Id.* at 21–22).

In the Amended Complaint, Plaintiff alleges that Pioneer violated his due process rights by colluding with the WCB; further, Plaintiff appears to challenge Pioneer and Mersmann's debt collection practices under the FDCPA. (*Id.* ¶ 52).

## III. PROCEDURAL HISTORY

In its prior decision, the Court dismissed Plaintiff's § 1983 claims against Pioneer and Mersmann for failure to allege they were state actors. *Cassidy*, 2018 WL 5792786, at *7, 2018 U.S. Dist. LEXIS 188929, at *21. The Court allowed Plaintiff's FDCPA claim under 15 U.S.C. § 1692g(a)(3) to proceed, as Plaintiff adequately alleged that he had requested debt verification from Pioneer and that Pioneer had failed to send verification, but the Court dismissed as to Defendant Mersmann for failure to allege his involvement. *Id.* at *12, 2018 U.S. Dist. LEXIS 188929, at *34–36. The Court, however, granted Plaintiff leave to amend. On December 4, 2018, Plaintiff filed the Amended Complaint. (Dkt. No. 24).

## IV. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting *Bell*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See E.E.O.C. v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

## V. DISCUSSION

### A. Claims Under § 1983

Defendants Mersmann and Pioneer move to dismiss the § 1983 claims against them on the ground that they are private actors "who were never acting 'under the color of state law.'" (Dkt. No. 7-2, at 17). Plaintiff alleges that these Defendants violated his due process rights by "colluding" with the WCB. (Dkt. No. 24, ¶ 24). "Under 42 U.S.C. § 1983, constitutional torts are only actionable against state actors or private parties acting 'under the color of' state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (quoting *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)). "[A] claim against a private entity must 'allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.'" *Id.* (quoting *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992)). A "conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello*, 292 F.3d at 324. As Plaintiff makes no new allegations concerning Mersmann or Pioneer's purported collusion with the WCB, he fails, for the reasons the Court stated previously, *see Cassidy*, 2018 WL 5792786, at *7, 2018 U.S. Dist. LEXIS 188929, at *21, to allege they acted under color of state law. Accordingly, all § 1983 claims against Defendants Mersmann and Pioneer are dismissed.

### B. FDCPA Claims

Defendants Mersmann and Pioneer move to dismiss any FDCPA claim for failure to state a claim. (Dkt. No. 28-2, at 11–15). "Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Vincent v. Money*

*Store*, 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692(e)). "To further these ends, the FDCPA 'establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection.'" *Id.* (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001)).

To state a claim under the FDCPA, a plaintiff must establish three elements: (1) the plaintiff must be a "consumer" who is alleged to owe a debt or is the target of efforts to collect a consumer debt; (2) the defendant must be a "debt collector"; and (3) the defendant must have engaged in conduct violating FDCPA requirements. *See Cruz v. Credit Control Servs., Inc.*, No. 17-cv-1994, 2017 WL 5195225, at *4, 2017 U.S. Dist. LEXIS 186125, at *8 (E.D.N.Y. Nov. 8, 2017); *see also* 15 U.S.C. §§ 1692d, 1692e, 1692f (prohibiting debt collectors from engaging in specified debt collection practices).

In this case, Plaintiff fails to allege that the debt at issue is a "debt" within the meaning of the FDCPA, which defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 16 U.S.C. § 1692a(5). The fines and fees Pioneer was attempting to collect arose, according to the Amended Complaint, as a result of issues concerning the procurement of worker's compensation premiums for Mountain Time Auctions, Plaintiff's business. (Dkt. No. 24, ¶ 14; Dkt. No. 24, at 24, 51). "[A]ctions arising out of commercial debts are not covered by the protective provisions of the FDCPA." *Goldman v. Cohen*, 445 F.3d 152, 154 n.1 (2d Cir. 2006). "Because . . . business expenses do not constitute consumer debt, [Pioneer's collection activities] are not 'in connection with the collection of any debt' covered by the FDCPA, and thus cannot form the basis of a FDCPA claim." *Sanchez v.*

*Blustein, Shapiro, Rich & Barone LLP*, No. 13-cv-8886, 2014 WL 7339193, at *8, 2014 U.S. Dist. LEXIS 176814, at *22 (S.D.N.Y. Dec. 23, 2014) (dismissing FDCPA claims where, based on the "pleadings and documents" before the Court, it was "apparent that the common charges at issue were business expenses accrued by corporate entities that Plaintiff used as investment vehicles"); *see also Spira v. J.P. Morgan Chase,* No. 09-cv-8412, 2010 WL 3910290, at *3, 2010 U.S. Dist. LEXIS 107828, at *11 (S.D.N.Y. Sept. 29, 2010) (dismissing the plaintiff's FDCPA claim, finding the FDCPA did not apply "to Plaintiff's case since his business loan does not constitute a consumer debt as defined by the statute"), *aff'd*, 466 F. App'x 20 (2d Cir. 2012); *see also Nat'l Union Fire Ins. Co. of Pittsburgh v. Hartel*, 741 F. Supp. 1139, 1139–40 (S.D.N.Y. 1990) (granting summary judgment dismissing FDCPA claims, concluding that promissory notes used to pay for partnership interest in "tax-shelter limited partnership which was formed to purchase and operate hotels and motels" were not consumer debt under the FDCPA). Accordingly, because it is apparent from the Amended Complaint and attached documents that Pioneer's collection activities concerned the operation of Plaintiff's Mountain Time Auctions business, not consumer debt, the pleading fails to state a claim for relief as a matter of law.[5]

## VI.   CONCLUSION

For these reasons, it is

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 28) is **GRANTED** in its entirety; and it is further

---

[5] Based on its conclusion that the Amended Complaint fails to allege a FDCPA claim as a matter of law, the Court need not reach Plaintiff's arguments regarding Mersmann's purported liability.

**ORDERED** that, as it appears further amendment of the pleadings would be futile, the claims against Defendants Mersmann and Pioneer are **DISMISSED with prejudice**; and it is further

**ORDERED** that the Clerk of the Court is directed to terminate Mersmann and Pioneer as defendants in this action.

**IT IS SO ORDERED.**

Dated: July 31, 2019
       Syracuse, New York

_____
Brenda K. Sannes
U.S. District Judge