UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ROBERT CRAIG CASSIDY, D/B/A MOUNTAIN TIME AUCTIONS, ANTIQUES, AND MATTRESSES,

        *Plaintiff,*

-against-

ERIC MADOFF, EXECUTIVE DIRECTOR, NEW YORK STATE INSURANCE FUND; NEW YORK STATE INSURANCE FUND; TITIAN DION PERSONALLY AND AS AN EMPLOYEE OF THE NEW YORK STATE INSURANCE FUND; CLARISSA M. RODRIGUEZ, CHAIR, NEW YORK WORKERS' COMPENSATION BOARD; NEW YORK WORKERS' COMPENSATION BOARD; FRIEDA FOSTER, ELLEN O. POPROCKI, MARK HIGGINS, LOREN LOBBAN, SAMUEL G. WILLIAMS, LINDA HULL, FREDERICK M. AUSILI, STEVEN A. CRAIN, MARK R. STASKO, PERSONALLY AND AS COMMISSIONERS OF THE NEW YORK WORKERS' COMPENSATION BOARD; J.J. DOE1, J.J. DOE2, J.J. DOE 3, PERSONALLY AND AS MEMBERS OF PENALTY REVIEW UNIT (NEG) NEW YORK WORKERS' COMPENSATION BOARD; JEFF MERSMANN, PRESIDENT, PIONEER CREDIT RECOVERY INC., A NAVIANT COMPANY; AND PIONEER CREDIT RECOVERY, INC.,

        *Defendants.*

**AFFIRMATION OF JOSEPH SLATER**

**IN FURTHER SUPPORT OF STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Docket No.: 8:18-cv-394 (BKS/DJS)

---

Joseph Slater, Esq., an attorney licensed to practice law in the State of New York, affirms under penalties of perjury the following:

1. I am employed as a Senior Attorney at the New York State Workers' Compensation Board ("WCB"). This affirmation is based on my role as a Senior Attorney at the WCB and the knowledge and facts based upon my review of the electronic employer's file maintained by the WCB.

2. I submit this affirmation as a follow-up to my prior Affirmation in Support of State

Defendants' Motion to Dismiss Amended Complaint, dated June 28, 2019 ("Prior Affidavit"), and in response to the Plaintiff's Motion for More Definite Statement or to Strike FRCP 12(e) 12(f)(2), 12(g) (Dkt. No. 50) and in reply to Plaintiff's Amended Response in Opposition to Plaintiff's Motion to Dismiss the Amended Complaint (Dkt. No. 54).

3. In my Prior Affidavit, I indicated that a judgment was filed against the Plaintiff on March 30, 2019. See Prior Affidavit, ¶¶9-10.

4. When I prepared and submitted the Prior Affidavit, I concluded that a judgment had been filed against the Plaintiff because that is what our electronic system had shown.

5. The WCB's proprietary Insurance Complaince-2 System ("IC-2") showed that the judgment documents, consisting of an Affirmation of Non-Payment, Affirmation of Regularity, Application for an Index Number, a Final Notice and the actual Judgment in the amount of $22,500 were all generated on or about November 28, 2017.

6. In addition, following the creation of these documents, the WCB received a Confirmation Notice from the New York State Court Electronic Filing system ("NYSCEF") showing that an application for judgment which, upon information and belief, includes the documents identified in Paragraph 5 above, were filed with the Essex County Supreme Court. The IC-2 system included a copy of the Confirmation Notice from the Court indicating that the papers had been filed. A copy of the Confirmation Notice from the Essex County Supreme Court is attached hereto as EXHIBIT A.

7. The IC-2 system showed that a judgment was entered against the Plaintiff in the amount of $22,500 on March 30, 2018.

8. Upon review of the Plaintiff's Motion for More Definite Statement or to Strike, I attempted to obtain a copy of the judgment which I understood to have been processed by our

Judgment Unit. The Judgment Unit is the WCB Unit responsible for the processing of judgments on behalf of the WCB.

9. After the Judgment Unit reviewed their files, I was informed that their files indicate that the judgment (that was shown on the IC-2 system to have been filed on March 30, 2018) was actually returned by the Court Clerk to the Judgment Unit for correction.

10. This return of the judgment was never documented in the IC-2 system. It also does not appear that any subsequent action was ever taken by the Judgment Unit to re-file the judgment application.

11. Our IC-2 system has since been corrected to show that the judgment application had been returned for correction and that no judgment has been entered.

12. When I was informed of these facts by the Judgment Unit, I reviewed the NYSECF system to determine whether the Court Clerk had docketed any additional information concerning the judgment application. The NYSECF shows that that the WCB's filing was "Returned for Correction," but fails to identify the basis for the return, or the date that the papers had been returned.

13. Based on my review of the WCB IC-2 system, the NYSECF and conversations with the WCB Judgment Unit, I am in agreement with Plaintiff that as of the date of the execution of this Affirmation, the WCB has not entered a judgment against Plaintiff and has not taken any action to re-submit its application for a judgment since the Court Clerk's return of the documents for correction.

14. I can assure the Court that the statements in my Prior Affidavit reflected, what I believed at the time to be, an accurate statement of the facts. I certainly did not have, and do not have, any reason to misrepresent the facts as they pertain to the Plaintiff and whether or not the

WCB had properly filed its judgment.

Dated: August 9, 2019
Schenectady, New York

Sworn to before me this
9th day of August 2019

*JAIME CAVUOTO*
*NOTARY PUBLIC-STATE OF NEW YORK*
*No. 01CA6308635*
*Qualified in Montgomery County*
*My Commission Expires July 28, 2022*

Joseph Slater
Senior Attorney
NYS Workers' Compensation Board
328 State Street
Schenectady, NY 12305
(518) 402-9540