UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK



------------------------------------------------------------ )
ROBERT CRAIG CASSIDY, d/b/a )
MOUNTAIN TIME AUCTIONS, ANTIQUES, )
and MATTRESSES )
 )
    PLAINTIFF )   CIVIL CASE NO.:
 )   8:18-cv-
 )   00394 (BKS/DJS)
    Vs. )
 )
ERIC MADOFF, EXECUTIVE DIRECTOR, )   MOTION TO
NEW YORK STATE INSURANCE FUND; )   RECONSIDER
NEW YORK STATE INSURANCE FUND )
TITIAN DION PERSONALLY AND AS AN )
EMPLOYEE OF NEW YORK STATE )
INSURANCE FUND; )
CLARISSA M. RODRIGUEZ, PERSONALLY, )   PURSUANT TO
and as CHAIR, NEW YORK WORKERS ' )
COMPENSATION BOARD; NEW YORK )   42 U.S.C. 1983
WORKERS' COMPENSATION BOARD; )   and
FREIDA FOSTER, ELLEN O. PAPROCKI, )   8th & 14th
MARK HIGGINS, LOREN LOBBAN, )   AMENDMENTS
SAMUEL G. WILLIAMS, LINDA HULL, )   TO THE
FREDRICK M. AUSILL, STEVEN A. CRAIN, )   CONSTITUTION
MARK R. STASKO, PERSONALLY and as )   OF THE
COMMISSIONERS OF THE NEW YORK )   UNITED STATES
WORKERS' COMPENSATION BOARD; )
J.J. DOE1, J.J. DOE2, J.J. DOE3, )
PERSONALLY AND AS MEMBERS OF )
PENALTY REVIEW UNIT (NEG) NEW YORK )
WORKERS' COMPENSATION BOARD; )
_____DEFENDANTS_____ )

1. Now comes Plaintiff Robert Craig Cassidy in action 8:18-cv-00394 who moves the honorable Court to reconsider a portion of its January 23, 2020 Judgment.

2. Plaintiff received the Court's thirty-five page ruling on Saturday, January 25, 2020. Magistrate Stewart's Order was dated 24 January 2020 but not postmarked until 29 January 2020 (exhibits 1 and 2) and received by Plaintiff on 31 January 2020. Plaintiff would appear to be acting within time limit for appeal.

3. Plaintiff incorporates by reference each and every filing made by Plaintiff in this action since inception on 2 April 2018.

4. On page 35 the Court has **DISMISSED** "Individual capacity claims against Defendants Foster, Paprocki, Higgins, Lobban, Williams, Hull, Ausili, Crain, and Stasko. **Plaintiff appeals this action.**

5. Plaintiff had previously identified these Defendants as serving members of the New York Workers' Compensation Board (hereinafter "WCB") during the period that three penalties had been levied upon Plaintiff.

6. On pages 24-25 the Court had stated "An individual may be held liable Under … # 1983 only if that individual is 'personally involved in the alleged deprivation' " Littlejohn v City of New York , 795 F .3d 297, 314 (2d Cir. 2015) ( quoting Back v Hastings on Hudson Union Free Sch.

Dist. , 365 F.3d 107,127 (2d Cir. 2004):

> Personal involvement can be established by showing that:
> (1) the defendant directly participated in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3)the Defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the Defendant exhibited deliberate indifference …by failing to act on information indicating that unconstitutional acts were occurring. In addition to fulfilling **ONE** (emphasis mine) of these requirements , a plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation.

7. As Plaintiff had previously stated in his moving papers, the Court had published in its November 2018 opinion the very same citation which Plaintiff has come to rely upon.

8. Plaintiff points out to the Court that EVERY SINGLE MEMBER OF THE WCB GROUP HAD BEEN PERSONALLY SERVED by Plaintiff in December 2018 thereby incurring personal liability under subsections (2) and (5) above. Note that "personal involvement" requires only ONE participation in unconstitutional acts. Defendants have failed to remedy the wrong.

9. Regarding (3) in the above Littlejohn cite, while WCB defendants did not create a policy or custom under which unconstitutional practices occurred, **ALL** WCB Defendants certainly "… allowed the continuance of such a policy or custom." Defendant WCB members could have resigned if they did not personally countenance the life changing damage they were inflicting upon innocent Plaintiff who paid his premiums, filed his NYSIF paperwork and through legal channels protested his "compliance."

10. Regarding the decision of "THE BOARD" to deny Plaintiff's hand-written on yellow lined paper appeal which the Court has entered into this record on page 6 of its opinion, **"THE BOARD IS UNABLE TO CONSIDER YOUR REQUEST FOR RE-DETERMINATION FOR THE FOLLOWING REASON: THE EMPLOYER IS CURRENTLY NOT IN COMPLIANCE …."** (emphasis mine), Plaintiff fails to see how the Court could in good conscience release these WCB members from this action before these state actors are examined under oath. Plaintiff strongly feels he has met his burden under the "personal involvement" criteria.

11. Plaintiff will enter into this record two Federal documents: Section 1 of Amendment XIV to the United States Constitution and 42 U.S. Code #1983 in order that both be fresh in the Court's mind:

All persons born or naturalized in the United States and Subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. **NO STATE SHALL MAKE OR ENFORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVILIGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; NOR SHALL ANY STATE DEPRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT DUE PROCESS OF LAW; NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION THE EQUAL PROTECTION OF THE LAWS.** (EMPHASIS MINE !)

**EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, OR CUSTOM, OR USAGE, OF ANY STATE** or territory or the District of Columbia, **SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES** or other person within the jurisdiction thereof **TO THE DEPRIVATION OF ANY RIGHTS, PRIVILIGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROCEEDING FOR REDRESS,** except that in any action brought against a judicial officer for an act or omission taken in such officer's Judicial capacity, injunction relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia Shall be considered to be a statute of the District of Columbia. (EMPHASIS MINE !)

12. Plaintiff states that WCB members dismissed by the Court fall afoul of both Federal Documents and the Court's dismissal action constitutes Plain Error. Plaintiff reminds the Court that the previous dismissal opinion on Jacqueline M. Aiello's clients boldly asserted that Plaintiff had been

4

twice damaged by WCB penalty levies, when, in fact, WCB had **THREE TIMES** levied Upon Plaintiff.

13. Perhaps the Court could demonstate to Plaintiff where the delimiter "**NOT IN COMPLIANCE**" appears in either document above and how Plaintiff is disqualified from the protections of the Constitution by the actions of an un-elected Board in a state agency powered by unconstitutional penalty statutes boldly denying due process to victims. Consider the precedent this Court is about to set if the evil the Attorney General's clients enacted on Plaintiff is allowed to stand unchallenged. First, WCB has pretended that Plaintiff made no insurance payments, filed no policy changes, and filed an appeal "not in compliance" all without due process. Plaintiff's exhibit 3 is a copy of the November 15 2019 "Restraining Notice to Judgment Debtor" which was obtained against Plaintiff without notice or hearing, with no granting Plaintiff an opportunity to present evidence or to cross-examine State witnesses. Plaintiff ONCE AGAIN reminds the Court of the Attorney General's excuse for the judgment "… this office and the WCB attorneys who were involved in the instant litigation were not made aware that a Judgment was filed against Mr. Cassidy until we received Mr. Cassidy's application to this Court by ECF

notice on December 5, 2019." These are the same counselors who insist adequate post-deprivation remedies exist. Since the Court may have forgotten, the original "judgment" that the Attorney General used to foist the Rooker-Feldman immunity argument on both the Court and Plaintiff was supposed to have been issued on March 30 2018. In fact that "judgment" sat in the dark cavern which is the WCB unprocessed for more than a year and, AGAIN, it was the Plaintiff NOT the Attorney General or the "Senior Attorney" of the WCB who found the filing.

"Some kind of hearing" was most certainly due to this Plaintiff. At very least an in-personam hearing (which hearing requires notice and service according to authorities Plaintiff has read) was due Plaintiff at which he could cross examine those ruining his business, finances, and personal life. Plaintiff is very troubled that the Court seems to find little discomfort in the manner in which the Attorney General practices law. WCB "Senior Attorney" Slater's affirmation was not just a document used in argument. Rather, it was manufactured evidence created and sworn to by Slater and was designed to deprive Plaintiff of some $22,500.00. That sure seems like enough fraud on the Court to merit a "bad boy" comment. None came. Yet in June 2018 when a naïve Plaintiff attempted to enter into the record a notice that failing to pay WCB premiums could result in jail time (Plaintiff

honestly did not know that until a group of Pakistani taxi drivers in Ticonderoga were arrested), Plaintiff was admonished that he had filed a "sur-reply." Why does lack of faith in equal or fair justice matter ? Plaintiff is allowed by local and Federal rules to request summary judgment on some or all of the fact evidence and/or a bench trial on prospective injunction relief but Plaintiff must feel some degree of fairness exists at the bar. Plaintiff asks the Court to examine the Magistrate's involvement (Paragraph 15 this submission) before reaching a final decision.

Returning to the due process complaint,

**NO HEARING WAS EVER GRANTED.** The "not in compliance" appeal rejection was interpreted by Plaintiff to end any post deprivation relief unless Plaintiff paid the initial $12,000 extortion to the WCB("Extortion, in its general sense, signifies any oppression by color of right; but technically it may be defined to be the taking of money by an officer, by reason of his office, where none is due, or where none is yet due." 2 Wharton, Criminal Law #1904(12th ed. 1932)). Under the 11th Amendment, the $12,000 once paid could not be retrieved from the WCB accounts.  Some fine choice !

Consider, instead, the precedent the Court would set if it holds that to

maintain various inferior immunities below the 11th Amendment as claimed by the Attorney General, WCB Board members and any other board member in the future in this district must violate no laws. Is it really too much to ask of bureaucrats that they perform their duties legally ?
Your honor, this action is certain to soon grace the chambers of the Second Circuit. Should the Court grant Plaintiff any relief, the Attorney General will almost certainly appeal. Should the Court maintain its opinion, Plaintiff will certainly appeal.

13. Three penalties were levied by "the Board" on this Plaintiff who owed no money to NYSIF, had filled out multiple registration forms, and who had worked with NYSIF employees to settle a minor Workers' Compensation Claim. All this done by a Plaintiff who State Defendants claim had no insurance. What kind of Board behavior does this Court allow itself to sanction ??

14. Three penalties may or may not have been levied by the same WCB members, so as many as nine or more WCB board members may have damaged Plaintiff by unlawful penalty assignments. Littlejohn (795 F .3d 297,314) personal involvement criteria (1) may well apply to as many as nine WCB members whom the Court has prevented Plaintiff from confronting. The entire WCB may well have voted on or discussed en banc

Plaintiff's case. The Court has denied Plaintiff discovery on this matter for some 668 days, I repeat 668 days.  Dismissing the WCB Defendants at this time becomes a Northern District punitive measure heaped upon the punitive measures levied on Plaintiff by those dismissed WCB members. " Personal-capacity suits seek to impose personal liability upon a government official for  actions he takes under color of state law."  See, e.g., Scheuer v. Rhodes, 416 U.S. 232, 237-238 (1974) "On the merits, to establish personal liability in a #1983 action, it is enough to show that the official, acting under color of state law, caused a deprivation of a federal right." See, e.g., Monroe v Pape, 365 U.S. 167  (1961)

15.  Returning to the question "Why does Plaintiff feel uneasy at the Court's definition of fair and equal justice, consider the following:"

On page 9 of the Court's instant opinion is written-
> Plaintiff also brings claims against three Doe defendants,
> as members of the Penalty Review Unit (Dkt. No. 23 at 1)
> The viability of these claims is not addressed in the present
> Motion to Dismiss  The Court therefore does not address
> them.  Since service cannot be effected on a "Doe" defendant,
> If Plaintiff wishes to pursue the claims against these defendants,
> he must take reasonable steps through discovery to ascertain his
>  or her identity.  Upon learning the identity of these individuals,
> Plaintiff must seek permission to amend his Amended Complaint
> to properly name him or her as a defendant in this case. **If the
> Plaintiff fails to ascertain the identity of any Doe defendant
> So as to permit the timely service of process, this action will**

**be dismissed as against that individual.** (emphasis mine)

On page 26 footnote 11 the Court basically recites the same message regarding the Doe Defendants.

Magistrate Judge Daniel J. Stewart in his text order of January 24 2020 states in part:

**"TEXT ORDER** denying Plaintiff's Motion to Compel as premature. Plaintiff seeks to compel disclosure regarding the identities of John Doe Defendants. However, Defendants have not yet answered the Complaint…"

Judge Stewart, Plaintiff, Assistant Attorney General Matula, and a WCB Attorney met in Albany at a mid-May 2019 settlement conference. After the conference, the Magistrate convened a short on the record session to discuss scheduling. At that session, Plaintiff requested the names of the Doe Defendants and was told at that time, some 225 days ago, Plaintiff's request was "premature." It seems seven months later the request to name Penalty Review Unit Neg members is still "premature."

Plaintiff fears the delay caused **not** by this Plaintiff will cause the Court to arbitrarily dismiss the Doe Defendants who actions and lack of action deeply worsened the damage done to Plaintiff. For the record, there came a time in March or April 2019 that Plaintiff asked AG Matula for the Doe Defendants names and was refused.

16. Magistrate Stewart states in his TEXT ORDER "Defendants have not yet answered the Complaint." What, then, was the Attorney General's June 28 Slater false witness submission upon which the Court dismissed all WCB Board members? All defendants to this Complaint were, to the best of Plaintiff's information and belief SERVED IN DECEMBER 2018. The time to answer has LONG since passed.

17. For reasons unknown to Plaintiff, access to the "Pacer Monitor" docket listing has been taken from Plaintiff. Only the last two docket entries show as of 31 January 2020. Therefore, I cannot easily state the exact date Plaintiff filed his request for an emergency injunction to halt the State Defendants from electronically publishing the false judgment filing. Plaintiff understands from the Defense Counselors that about 5 December 2020 they found out about a November 15 2019 Judgment filing against Plaintiff and took action to vacate it. My question to the Court is this: "WHAT LED THE COURT TO SCHEDULE 30 DAYS WORTH OF HEARING TIME ON AN EMERGENCY MOTION." Regardless of the Court's personal feelings about Plaintiff's rights, FRCP clearly entitles Plaintiff to emergency relief if his moving papers contain sufficient cause. The final destruction of Plaintiff's credit rating by State Defendants Plaintiff believes will pass muster as "sufficient cause" at the Second Circuit.

18. Plaintiff once again reminds the Court of the Due Process requirements stated by the Supreme Court in Goldberg v. Kelly 397 U.S. 254 (1970). Goldberg v. Kelly was another instance of New York State taking funds from vulnerable victims (welfare recipients) without prior hearing and the well-settled case law reads at 397 U.S. 270:

> "Certain principles have remained relatively immutable in our jurisprudence. One of these is that, where Governmental Action seriously injures an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Governments's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testimony of individuals whose memory might be faulty or who, in fact, might be perjurers or persons motivated by malice, vindictiveness, intolerance. or jealousy. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment…. This Court has been zealous to protect these rights from erosion. It has spoken out not only in criminal cases, but in all types of cases where administrative actions were under scrutiny.
>
> Finally, the decisionmaker's conclusion as to a recipient's Eligibility must rest solely on the legal rules and evidence Adduced at the hearing. Ohio Bell Tel. Co. v. PUC 301 U.S 292 (1937); United States v. Abilene & S.R. Co., 265 U.S. 274; To demonstrate compliance with this elementary Requirement, the decisionmaker should state the reasons for his determination and indicate the evidence he relied on, cf, Wichita R. & Light Co v. PUC, 260 U.S. 48, 260 U.S. 57-59 (1922), though his statment need not amount to a full opinion, or even formal findings of fact and conclusions of law. **And, of course, an impartial**

> **decisionmaker is essential.** Cf, In re Murchison, 349 U.S. 133 (1955); Wong Yang Sang v. McGrath, 339 U.S. 33, 339 U.S. 45-46 (1950). (emphasis mine)

Plaintiff in this action had No impartial decisionmaker, no disclosure of evidence used against Plaintiff, no right to question witnesses, no chance to tell his side of the story, no record of proceedings and the amount charged against him was $22,500.00 when Plaintiff in fact owed no premium money to the state and had a valid insurance policy.

19. See also Gladys Boddie et al, Appellants, v. State of Connecticut et al. 401 U.S. 371 (1971)
    > Prior Cases establish, first, that due process requires, at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard.  Early in our Jurisprudence , this Court voiced the Doctrine that
    > ' wherever one is assailed in his person or his property, there he may defend,' Windsor v. McVeigh, 93 U.S. 274, 277 (1876)

    > Although 'many controversies have raged about the cryptic and abstract words of the Due Process Clause,' as Mr. Jackson wrote for the Court in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct 652, 94 L. Ed. 865 (1950) there can be no doubt that at a minimum they require that deprivation of life, liberty, or property by adjucation be **precedent by notice and opportunity for hearing Appropriate** to the nature of the case. 'Id, at 313, 70 S.Ct. at 656

Plaintiff asks the Court to read carefully the "restraining notice " charged against Plaintiff for its Draconian stiplulations all levied without hearing, or confrontation.  How this modus operandi has stood at all is a mystery,

which must be solved now. I urge the Court to order the halting of the WCB penalty assessing system as violating the due process clause of the United States Constitution.

**NOW COMES PLAINTIFF** Robert Craig Cassidy who resides at 43 Pleasant Street, City of Rutland, County of Rutland, State of Vermont who swears and affirms under the penalties of perjury that the information presented as fact in this submission is is to the best of his knowledge and belief true, complete, and accurate.

Date  JAN 31 2020  _____
                   Robert Craig Cassidy

SWORN TO BEFORE ME AND IN MY PRESENCE THIS 31 DAY OF January 20 20

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: 1-31-21
ID # 1244

Plaintiff certifies that a copy of this motion was mailed first class US postage prepaid to:

Letitia James
Attorney General of the State of New York
Brian W. Matula
Assistant Attorney General
The Capitol
Albany, New York 12224-0341

15

**Orders on Motions**
8:18-cv-00394-BKS-DJS Cassidy
v. Madoff et al

PRO SE

## U.S. District Court

### Northern District of New York - Main Office (Syracuse) [NextGen CM/ECF Release 1.2 (Revision 1.2)]

**Notice of Electronic Filing**

The following transaction was entered on 1/24/2020 at 1:48 PM EST and filed on 1/24/2020
**Case Name:** Cassidy v. Madoff et al
**Case Number:** 8:18-cv-00394-BKS-DJS
**Filer:**
**Document Number:** 65(No document attached)

**Docket Text:**
**TEXT ORDER denying Plaintiff's Motion to Compel as premature. Plaintiff seeks to compel disclosure regarding the identities of John Doe Defendants. However, Defendants have not yet answered the Complaint. Once Defendants answer the Complaint, the Court will hold a Rule 16 Conference at which time a discovery schedule will be established and Plaintiff will then be able to seek discovery. Signed by Magistrate Judge Daniel J. Stewart on 1/24/2020. (Copy served via regular mail)(gjr)**

**8:18-cv-00394-BKS-DJS Notice has been electronically mailed to:**

Brian W. Matula    brian.matula@ag.ny.gov, Adrienne.Kerwin@ag.ny.gov

Jacqueline M. Aiello    jaiello@stradley.com

**8:18-cv-00394-BKS-DJS Notice has been delivered by other means to:**

Robert Craig Cassidy
43 Pleasant Street
Rutland, VT 05701



PLAINTIFF'S EXHIBIT NO.
CASE NO.: 1
IDENTIFICATION: 8-18-CV-00394
ADMITTED: STEWART TEXT ORDER

**United States District Court**
Northern District of New York
Chambers of
**Daniel J. Stewart**
Magistrate Judge
445 Broadway
Albany, NY 12207

Robert Craig Cassidy
43 Pleasant Street
Rutland, VT
05701

FIRST-CLASS MAIL
Hasler
01/29/2020
US POSTAGE $00.50⁰
ZIP 12207
011D10618317

PLAINTIFF'S EXHIBIT NO. 2
CASE NO.: 8-18-CV-0039Y
IDENTIFICATION: STEWART 1-29-2020
ADMITTED: ENVELOPE

17

SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ESSEX

WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK,
Plaintiff,

-against-

ROBERT C CASSIDY DBA MOUNTAIN TIME AUCTIONS ANTIQUES & MATTRESSES
105 MONTCALM ST,
TICONDEROGA, NY 12883-1354

Defendant(s)

Index No. CV19-0587

**RESTRAINING NOTICE TO JUDGMENT DEBTOR**

THE PEOPLE OF THE STATE OF NEW YORK

WCB Employer Number : 2905274

TO   ROBERT C CASSIDY DBA MOUNTAIN TIME AUCTIONS ANTIQUES & MATTRESSES

*judgment debtors,* **GREETING:**

**WHEREAS**, *a judgment was entered on* Nov 14, 2019, *in the Supreme Court of the State of New York, County of* ESSEX, *in favor of the Workers' Compensation Board, judgment creditor and against* ROBERT C CASSIDY DBA MOUNTAIN TIME AUCTIONS ANTIQUES & MATTRESSES , *judgment debtors, in the amount of* $22,500.00 *of which* $22,500.00 *together with interest thereon from* Nov 14, 2019 *remains due and unpaid.*

**TAKE NOTICE** *that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment, transfer or interference with any property in which you have an interest, except as therein provided.*

**CIVIL PRACTICE LAW AND RULES**

Section 5222(b) Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if , at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in the specified property in the possession or custody of the person served. All property in in which the judgment debtor is known or believed to have an interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such person, including any specified in the notice, then due thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale , assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property, or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damages sustained by reason of the restraint. If a garnishee served with the restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on judgment, the restraining notice is not effective as to other property or money.

**NOTICE TO JUDGMENT DEBTOR**

Money or property belonging to you may have been taken or held in order to satisfy a judgment which has been entered against you. Read this carefully.

**YOU MAY BE ABLE TO GET YOUR MONEY BACK**

State and federal laws prevent certain money or property from being taken to satisfy judgments. Such money or property is said to be "exempt". The following is a partial list of money which may be exempt:

1. Supplemental Security Income,(SSI)
2. Social Security;
3. Public Assistance (welfare)
4. Alimony or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Worker's Compensation benefits
8. Public or private pensions; and
9. Veteran Benefits.

If you think that any of your money that has been taken or held in exempt, you must act promptly because the money may be applied to the judgment. If you claim that any of your money that has been taken or held in exempt, you may contact the person sending this notice.
Also, YOU MAY CONSULT AN ATTORNEY, INCLUDING LEGAL AID IF YOU QUALIFY. The law (New York civil practice law and rules, article four and section fifty-two hundred thirty nine and fifty-two hundred forty)provides a procedure for determination of a claim to an exemption.

**TAKE FURTHER NOTICE** *that disobedience of this Restraining Notice is punishable as a contempt of court, and a violation of the notice will subject the recipient to a personal liability for the value of the property involved.*

Dated:   Nov 15, 2019

Judgment Unit
328 State Street
Schenectady, N.Y. 12305
866-298-7830

PLAINTIFF'S EXHIBIT NO.   3

CASE NO.:   8-18-CV-00394

IDENTIFICATION:   11-16-2019 JUDGMENT

ADMITTED:

18