# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

ROBERT CRAIG CASSIDY d/b/a MOUNTAIN TIME AUCTIONS, ANTIQUES, AND MATTRESSES,

                Plaintiff,

v.

TITIAN DION, personally and as an employee of New York State Insurance Fund; CLARISSA M. RODRIGUEZ, Chair, New York Worker's Compensation Board; J.J. DOE1; J.J. DOE2; and J.J. DOE3, personally and as members of Penalty Review Unit (NEG) New York Worker's Compensation Board, JOHN DOE, member of the New York Worker's Compensation Board, JOHN DOE, member of the New York Worker's Compensation Board, and JOHN DOE, member of the New York Worker's Compensation Board,

                Defendants.

8:18-cv-00394 (BKS/DJS)

---

**Appearances:**

*Plaintiff pro se:*
Robert Craig Cassidy
Rutland, Vermont 05701

*For the State Defendants:*
Letitia James
Attorney General of the State of New York
Brian W. Matula
Assistant Attorney General
The Capitol
Albany, New York 12224-0341

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.  INTRODUCTION**

Plaintiff pro se Robert Craig Cassidy, d/b/a Mountain Time Auctions, Antiques, and Mattresses, brings this action against Defendants Titian Dion, an employee of the New York State Insurance Fund ("NYSIF"); Clarissa M. Rodriguez, Chair of the New York Workers' Compensation Board ("WCB"); three John Doe Commissioners of the WCB, and three John Doe members of the WCB Penalty Review Unit. (Dkt. No. 24). Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of the Procedural Due Process Clause of the Fourteenth Amendment and the Excessive Fines Clause of the Eighth Amendment. (*Id.*). Presently before the Court is Plaintiff's motion for reconsideration of the Court's dismissal of the individual capacity claims against Defendants Freida Foster, Ellen Paprocki, Mark Higgins, Loren Lobban, Samuel Williams, Linda Hull, Frederick Ausili, Steven A. Crain, and Mark Stasko, members of the WCB and replacement of them with three John Doe Defendants. (Dkt. No. 69, at 2). *See Cassidy v. Madoff*, No. 18-cv-00394, 2020 WL 554529, at *11, 2020 U.S. Dist. LEXIS 11092, at *34–35 (N.D.N.Y. Feb. 4, 2020). Plaintiff asserts that "as many as nine or more WCB members may have damaged Plaintiff by unlawful penalty assignments." (Dkt. No. 69, at 9). The Court assumes the parties' familiarity with the facts and procedural history of this case. For the following reasons, Plaintiff's motion is denied.

**II.  LEGAL STANDARD**

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) "an intervening change of controlling law," (2) "the availability of new evidence," or (3) "the need to correct a clear error of law or prevent manifest injustice." *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d

304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257. "The standard for reconsideration is strict and is committed to the discretion of the court." *S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010) *aff'd sub nom. Smith v. S.E.C.*, 432 F. App'x 10 (2d Cir. 2011).

### III. DISCUSSION

The Court dismissed the named WCB Defendants because nothing in the Amended Complaint or attached documents indicated "that all WCB members were involved in the imposition of the penalties or addressed Plaintiff's request for review" or that "any of the named WCB members, in particular, were involved." *Cassidy*, 2020 WL 554529, at *11, 2020 U.S. Dist. LEXIS 11092, at *34. The Court, however, allowed Plaintiff to "proceed against three individual Doe WCB panel members." *Id.* at *11, 2020 U.S. Dist. LEXIS 11092, at *35. In his motion for reconsideration, Plaintiff has not identified an intervening change in law, new evidence, or the need to correct clear error.[1] Accordingly, his motion is denied. To the extent Plaintiff is concerned that discovery will reveal the personal involvement of more than three WCB members, he may seek to add them as defendants at that time, even if there are more than three.

---

[1] The Court has also reviewed the arguments Plaintiff asserts in "Support of Motion to Reconsider," (Dkt. No. 70), but finds they do not provide a basis for reconsideration.

3

### IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration (Dkt. No. 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 13, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge