**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT CRAIG CASSIDY d/b/a/ MOUNTAIN TIME
AUCTIONS, ANTIQUES, AND MATTRESSES,

          Plaintiff,

                   1:18-CV-394
   v.               (DJS)

CLARISSA M. RODRIQUEZ, *et al.*,

          Defendants.

**DANIEL J. STEWART**
**United States Magistrate Judge**

### ORDER[1]

Presently before the Court are numerous Motions. They are addressed in the order in which they have been received.

*I. Motion to Strike*

Plaintiff Robert Cassidy initially moved, pursuant to FED. R. CIV. P. 12(e) [sic], to strike the Defendants' Answer to the Amended Complaint as untimely. Dkt. No. 73. Defense counsel opposes the Plaintiff's Motion and has requested that the Court excuse any delay and deem the State Defendants' Answer to the Plaintiff's Amended Complaint timely filed. Dkt. No. 79. For the following reasons the Plaintiff's Motion to Strike is denied and the Defendants' Letter-Request to deem their Answer timely filed, *nunc pro tunc*, is granted.

---

[1] Upon consent, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 84.

The procedural history in this case is somewhat lengthy. The Complaint was originally filed on April 12, 2018. Dkt. No. 1. Rule 12 Motions were then filed by the named Defendants, and a Decision and Order was issued by United States District Court Judge Brenda Sannes, granting in part and denying in part Defendants' Motion to Dismiss, but granting Plaintiff leave to file an amended pleading within thirty days. Dkt. No. 23. In accordance with that Decision and Order, an Amended Complaint was filed and served on or about December 4, 2018. Dkt. No. 24.

The deadline to answer the Amended Complaint was adjourned, and a settlement conference was held with the Court, but that process was ultimately unsuccessful in resolving the case at that time. *See* Dkt. Nos. 30, 35, 40, & Text Minute Entry dated May 20, 2019. Thereafter, on June 28, 2019, a Motion to Dismiss was filed by the State Defendants. Dkt. No. 47. That Motion was ostensibly filed in lieu of an answer to the Amended Complaint, pursuant to Rule 12(a)(4)(A).[2] The Defendants' Motion to Dismiss was granted in part and denied in part on January 23, 2020. Dkt. No. 64. Defense counsel then noted some disparity between the Decision and Order and the Clerk's docket entry and brought that concern to the Court by way of a letter. Dkt. No. 66. In response to that Letter-Motion an Amended Order was then issued by the District Court on February 4, 2020, clarifying which Defendants had been terminated from the suit. Dkt. No. 67.

---

[2] In fact, this provision generally applies to the initial complaint and *not* an amended complaint. As to an answer to an amended complaint, the time period is governed by Rule 15, which states in pertinent part: "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."

On February 5, 2020 the *pro se* Plaintiff filed a Motion for Reconsideration of the Court's Order granting in part the Motion to Dismiss the Amended Complaint. Dkt. No. 68. That Motion for Reconsideration was considered by the District Court and was ultimately denied on April 13, 2020. Dkt. No. 80. In the interim, the State Defendants interposed an Answer to the Amended Complaint on March 2, 2020. That Answer was filed approximately one month *after* the Court's February 4, 2020 Amended Order, but more than a month *before* the District Court's denial of the Plaintiff's Motion for Reconsideration. Importantly, the Answer to the Amended Complaint was filed well before the Rule 16 conference that was held with the Court, and thus prior to any discovery having taken place.

With regard to the Plaintiff's Rule 12 Motion to Strike Defendants' Answer, it is well-settled that striking a party's pleading constitutes an extreme measure, and therefore such motions are disfavored and are rarely granted. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). In truth, the Plaintiff is not seeking to strike the Defendants' Answer because it contains immaterial, redundant, impertinent, or scandalous matters, but rather is asking for a default judgment as a result of an untimely Answer to the Amended Complaint. Defendants, recognizing this, have asked the Court to excuse any delay. In addition, the filing of a late answer, as was the case here, is generally treated by a court as a motion to vacate any default. *John v. Sotheby's, Inc.*, 141 F.R.D. 29, 35 (S.D.N.Y. 1992). Therefore, the criteria under FED R. CIV. P. 55(c), and not Rule 12(f), will apply to the Plaintiff's Motion. *Car-Freshner Co. v. Air Freshners, Inc.*, 2012 WL 3294948, at *5 (N.D.N.Y. Aug. 10, 2012).

Generally, the standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the "excusable neglect" standard for setting aside a default judgment by motion pursuant to Rule 60(b). *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981). The factors that the Court considers include (1) whether the default was willful; (2) whether a meritorious defense exists; and (3) whether there is prejudice to the non-defaulting party. *Peterson v. Syracuse Police Dep't*, 467 Fed. Appx. 31, 33 (2d Cir. 2012); *Enron Oil Corp. v Diakuhara,* 10 F.3d 90, 96 (2d Cir. 1993). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d at 96.

Considering the complex procedural history of the present case, including the pendency of the Motion to Dismiss the Amended Complaint, the Court does not find that the failure of the State Defendants to timely answer was willful. The Defendants were actively attempting to defend the matter, as shown by their partially meritorious Motion to Dismiss. Further, and as a practical matter, it is not in the interest of the Courts to have multiple answers filed both before and after a motion to dismiss is decided. *See Ricciuti v. New York City Transit Auth*., 1991 WL 221110, at *2 (S.D.N.Y. Oct. 3, 1991) (noting the "procedural thicket" that would emerge were it necessary to serve an answer in piecemeal fashion: "Should discovery proceed with regard to some of the defendants, and then await the 'arrival' of the other claims and defendants, particularly given the fact that an appeal was taken? Such an approach is inefficient."). In this case it harms no one to wait until the Motion to Dismiss is finally resolved, (including deciding any request for

- 4 -

reconsideration), to have the answer filed. This is especially true where the Rule 16 conference in this case was not held until later in March 2020, and no discovery occurred.

This leads to the second element, lack of prejudice. Mr. Cassidy has not identified in his papers any prejudice resulting from the short delay in the Defendants interposing their Answer, nor can the Court discern any independently.

Finally, as a review of Judge Sannes' decision on the Motion to Dismiss demonstrated, there are potentially meritorious defenses available. In particular, Defendants will seek to assert that due process was satisfied by the existence of a post-deprivation remedy. "To satisfy the criterion of a meritorious defense, the defense need not be ultimately persuasive at this stage." *Niepoth v. Montgomery Cty. Dist. Attorney's Office*, 177 F.R.D. 111, 113 (N.D.N.Y). "A defense is meritorious if it is good at law so as to give the fact finder some determination to make." *Id*.

Based upon the foregoing, the Plaintiff's Motion to Strike the Answer is denied, and the Defendants' Cross-Motion to deem their Answer to the Amended Complaint timely is granted.

*II. Rule 12(e) Motion*

Plaintiff has filed a motion entitled "Motion for a More Definite Statement FRCP 12(e)." Dkt. No. 76. The referenced Rule relates to pleadings which require a response, but which are so vague or ambiguous that the responding party cannot reasonably fulfill his or her obligations. FED. R. CIV. P. 12(e). Plaintiff's Motion, however, does not relate to any pleading of the Defendants, but rather concerns other issues altogether. First, the Plaintiff was understandably concerned about attending the Rule 16 scheduling

conference in person in light of the COVID-19 pandemic and his particular circumstances. This issue has already been resolved, however, as the Court held the scheduling conference telephonically. *See* Text Minute Entry dated March 31, 2020.

Another aspect of the Plaintiff's Motion appears to be a request for reconsideration of the District Court's decision on the Defendants' Motion to Dismiss. *See* Dkt. No. 76 at pp. 4-5 ("Please return the WCB, NYSIF, and the individual board members to this case."). Any issue arising out of the Court's ruling on the Motion to Dismiss, however, was resolved on April 13, 2020, when the District Court denied Plaintiff's Motion for Reconsideration. Dkt. No. 80.

Finally, Plaintiff points out a typographical error in the Text Order issued by Judge Sannes on February 4, 2020. Dkt. No. 68. That Text Order initially refers to the Letter Request of Defendants' counsel (Dkt. No. 66) which sought to clarify which Defendants remained in the case and which were dismissed. In granting the request for clarification, however, the second half of the Text Order erroneously refers to Dkt. No. 66 as "Plaintiff's Letter Motion" when it was in fact Defendants' Letter Motion. Accordingly, the Docket is hereby corrected to reflect the correct author of Dkt. No. 66.

For the reasons set forth above, Plaintiff's Motion under Rule 12(e) is denied as moot.

### III. *Request for Identities*

At the Rule 16 conference, the Court emphasized to the *pro se* Plaintiff the necessity of identifying the "Doe" Defendants named or referred to in the Amended Complaint. Thereafter, the Plaintiff filed with the Court a document entitled "Request

for Identities." Dkt. No. 77. It appears that this is, or should be, a discovery demand directed to defense counsel. Pursuant to N.D.N.Y. Local Rule 26.2, discovery demands are not to be filed. Accordingly, Dkt. No. 77 is hereby stricken from the Docket.

*IV. Electronic Filing*

Finally, the Plaintiff has reviewed the Rule 16 Scheduling Order that was issued by this Court on April 3, 2020. Dkt. No. 78. The Plaintiff is concerned that the Uniform Pretrial Scheduling Order places the Plaintiff within the Court's electronic filing program, and this would be a hardship to him because of the aging nature and functional limitations of his home computer. The Court therefore clarifies that the Plaintiff is *not* in the electronic filing system, and is directed to file all papers, including documents related to any trial, in paper form with the Clerk's office. Further, defense counsel is directed work with Plaintiff to make sure that any information that he receives from them is in a form which will allow Plaintiff to easily access that information.

**WHEREFORE**, it is hereby

**ORDERED**, that the Plaintiff's Motion to Strike Defendants' Answer to the Amended Complaint (Dkt. No. 73) is hereby **DENIED**; and it is further

**ORDERED**, that the Defendants' Motion to deem their Answer to the Amended Complaint timely filed (Dkt. No. 79), is hereby **GRANTED**; and it is further

**ORDERED**, that the Plaintiff's Motion, entitled "Motion for More Definite Statement" (Dkt. No. 76), is hereby **DENIED AS MOOT**; and it is further

**ORDERED**, that the Clerk is directed to correct Dkt. No. 68 to reflect that it addressed a letter from Defendants' counsel, not Plaintiff; and it is further

**ORDERED**, that Dkt. No. 77, entitled "Request for Identities," is hereby **STRICKEN**; and it is further

**ORDERED**, that Plaintiff's Motion for Excusal from Electronic Filing Requirements (Dkt. No. 81), is hereby **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**SO ORDERED**.

Dated: July 22, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge