**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT CRAIG CASSIDY, d/b/a MOUNTAIN TIME
AUCTIONS, ANTIQUES, AND MATTRESSES,

Plaintiff,

- v -                                                    Civ. No. 8:18-CV-394
                                                                    (DJS)

CLARISSA M. RODRIGUEZ, *et al.*,

Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

ROBERT CRAIG CASSIDY
Plaintiff, *Pro Se*
Rutland, Vermont 05701

HON. LETITIA JAMES                            BRIAN W. MATULA, ESQ.
Attorney General of the State of New York     Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

**DECISION and ORDER**

Presently pending is Plaintiff's Motion for Joinder of Parties.  Dkt. No. 82.

Defendants oppose the Motion.  Dkt. No. 88.  Two named Defendants and six John Doe

Defendants remain parties to this action, all other named Defendants having previously

been dismissed.  Dkt. No. 67.  Plaintiff now seeks to add seven named Defendants, as

well as additional causes of action.  Dkt. No. 82.  For the reasons that follow, the Motion

is denied.

## I. BACKGROUND

The Complaint in this action was filed April 2, 2018.  Dkt. No. 1.  Defendants moved to dismiss the Complaint which resulted in partial dismissal, including dismissal of claims against the Worker's Compensation Board ("WCB") and New York State Insurance Fund ("NYSIF") on Eleventh Amendment sovereign immunity grounds.  Dkt. No. 23 at pp. 12-15.  The District Court then permitted Plaintiff to file an Amended Complaint.  *Id.* at p. 29.  That Amended Complaint was filed on December 4, 2018.  Dkt. No. 24.  Following another motion to dismiss, the Court again noted that claims against the WCB and NYSIF were barred by sovereign immunity.  Dkt. No. 67 at p. 14.  The Court also directed that three John Doe members of the WCB Penalty Review Unit be added to the Complaint.  *Id.* at p. 35.  The case has proceeded since that point with discovery.  The present scheduling deadlines in place set the close of discovery for October 9, 2020 and called for dispositive motions to be filed by November 30, 2020.  Dkt. No. 78.

## II.  JOINDER OF PARTIES

### A. Legal Standard

Though designated as an "Application for Joinder of Parties," Plaintiff's Motion seeks to both join parties and add new claims.  *See generally* Dkt. No. 82.  As such, the Court must consider the applicability of Federal Rules 15, 20, and 21 in addressing this Motion.  Under Rule 15 leave to amend a pleading should be "freely given when justice so requires."  *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006); *Ellis v.*

*Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  However, denial of leave to amend is appropriate in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Kropelnicki v. Siegel*, 290 F.3d 118, 130 (2d Cir. 2002) (citing *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 271-72 (2d Cir. 1996)).

Under Fed. R. Civ. P. 20(a)(2):

Persons . . . may be joined in one action as defendants if:

(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law or fact common to all defendants will arise in the action.

"In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Toliver v. Office-Dep't of Corr. NYC*, 2013 WL 3783727, at *4 (S.D.N.Y. July 9, 2013); *see also Marcy v. Allegro Resorts Mktg., Inc.*, 2015 WL 736567, at *2 (N.D.N.Y. Feb. 20, 2015).  As a result, prejudice to the opposing party is a relevant factor in addressing a joinder motion.  *Vida Longevity Fund, LP v. Lincoln Life & Annuity Co. of New York*, 2020 WL 4194729, at *3 (S.D.N.Y. July 21, 2020); *Mason Tenders District Council of Greater New York v. Phase Construction Servs., Inc.*, 318 F.R.D. 28, 40-41 (S.D.N.Y. 2016).

Consistent with these general standards "leave to amend or supplement is properly denied 'where the belated motion would unduly delay the course of proceedings by, for

example, introducing new issues for discovery.'" *Funches v. Russo*, 2019 WL 5191497, at *2 (N.D.N.Y. Oct. 15, 2019) (quoting *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000)).  "Prejudice may result where the amendment seeks to add a new claim, derived from a different set of facts of which the original complaint did not provide adequate notice."  *Chapman v. YMCA of Greater Buffalo*, 161 F.R.D. 21, 24 (W.D.N.Y. 1995) (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985)).

## B. Discussion

### 1. Failure to Comply with the Local Rules

As an initial matter, the Motion is denied because Plaintiff has failed to comply with the Northern District's Local Rules for amendment of pleadings.  N.D.N.Y.L.R. 7.1(a)(4) provides: "A party moving to amend a pleading pursuant to Fed. R. Civ. P. 14, 15, 19-22 must attach an unsigned copy of the proposed amended pleading to its motion papers."  Plaintiff did not do so here and the failure to do so is a basis for denying the Motion.  *Dimperio v. Onondaga Cty.*, 2015 WL 5603507, at *13 n. 6 (N.D.N.Y. Sept. 23, 2015); *Cosby v. Russell*, 2012 WL 7678160, at *4 n. 4 (N.D.N.Y. Nov. 20, 2012), *report and recommendation adopted*, 2013 WL 936588 (N.D.N.Y. Mar. 11, 2013).  Compliance with this rule cannot be treated as a mere formality, readily excused.

> One of the purposes of the requirement that motions to amend be accompanied by a copy of the proposed amended complaint is to ensure that [all] of the allegations asserted against the defendant(s) named therein are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. Moreover, this requirement eliminates the confusing nature of 'piecemeal' amended complaints.

*Chapdelaine v. Keller*, 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999), *aff'd and adopted*, 2000 WL 35764440 (N.D.N.Y. July 25, 2000).  As Defendants point out, absent specific pleading against the individuals Plaintiff seeks to add to the case it is difficult to assess the potential merits of such claims.  Far from merely joining new parties, Plaintiff's Motion clearly seeks to add new causes of action, but fails to specifically articulate those claims.  As a result, granting this Motion would require the filing of a new operative pleading.  FED. R. CIV. P. 8.  Since Plaintiff seeks to reintroduce parties that have been twice dismissed and fails to articulate the basis for his new claims, the likelihood that a new pleading will result in additional motion practice is high and a further basis for denying this attempt at piecemeal litigation.

This is sufficient ground for denial of the Motion, but the Court notes several additional grounds for denying this Motion.

### 2. Previously Dismissed Parties

Plaintiff seeks to join the WCB and NYSIF both of which were previously dismissed.  Plaintiff's attempt to join these parties must be denied.  "Those efforts are barred by the law-of-the-case doctrine, which 'commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise.'"  *Vaughn v. Phoenix House New York Inc.*, 957 F.3d 141, 146-47 (2d Cir. 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)).[1]  A compelling reason may arise from "an

---

[1] The fact that Judge Sannes issued the decision dismissing these parties prior to the matter being transferred to me for further proceedings does not impact the law of the case analysis.  "The law of the case doctrine encompasses

intervening change in law, availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Johnson v. Holder*, 564 F.3d 95, 99-100 (internal quotation omitted). Nothing of the sort is presented here. Dismissal of these parties was based on the established law of sovereign immunity, *see* Dkt. Nos. 23 & 67, and Plaintiff makes no argument in the present Motion for departing from these well-reasoned prior decisions.

### 3. Substitution of John Doe Defendants

The caption of the Amended Complaint identifies three John Doe Defendants as J.J.Doe1, J.J.Doe2, and J.J.Doe3, members of the Board's Penalty Review Unit. No actual factual allegations are made with respect to these individuals in the Amended Complaint itself, however. *See generally* Am. Compl. Plaintiff now seeks to substitute Danielle Woodley (Crowley) as J.J.Doe1 and Nancy Goard as J.J.Doe 2. Dkt. No. 82 at pp. 7-8. As to each, Plaintiff offers only a short statement of the basis of their knowledge of relevant events taken almost verbatim from Defendants' Supplemental Initial Disclosures. *Id.* at pp. 7-8 & 22-23. Plaintiff's Motion does not indicate how the actions identified were unlawful or somehow violated his rights. He does not identify what cause(s) of action he seeks to pursue against these individuals. As noted above, no factual or legal allegations are contained in the body of the Amended Complaint and thus this is

---

situations in which one judge has rendered an order or judgment and the case is then transferred to another judge." *Estate of Jackson by Jackson v. Cty. of Suffolk*, 2019 WL 3253063, at *9 (E.D.N.Y. July 19, 2019) (internal alterations omitted).

not a situation where these individuals can simply be submitted for John Doe defendants against whom specific allegations have been made.  In fact, while the caption of the Amended Complaint identifies these John Doe Defendants as members of a the "penalty review unit," neither the present Motion nor Defendants' disclosure identifies either individual Plaintiff seeks to add as a member of such a unit.  For these reasons, permitting joinder of these individuals is inappropriate here.

Moreover, it appears clear that any claim Plaintiff might wish to pursue as to these individuals would be barred by the applicable statute of limitations.  A three year statute of limitations applies to Plaintiff's remaining section 1983 claims.  Dkt. No. 67 at p. 18 (noting Plaintiff's claims are governed by three year statute of limitations); *see also Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995).  The only claim referenced with respect to these individuals in the Motion concerns an October 2016 letter from the Board.  Dkt. No. 82 at pp. 7-8 & 17.  Adding a claim regarding this letter as to these individuals, therefore, is clearly outside the three year statute of limitations unless the claim related back to the date Plaintiff filed this action.

"In general, a plaintiff may proceed against a 'John Doe' placeholder defendant, so long as he replaces the John Doe with a named party within the applicable statute of limitations period."  *Watson v. City of Kingston*, 2016 WL 11605147, at *4 (N.D.N.Y. Dec. 27, 2016) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 468 (2d Cir. 1995), *modified*, 74 F.3d 1366 (2d Cir. 1996)).

Rule 15(c)(1)(C) provides the federal standard for relation back. For an amended complaint adding a new party to relate back under Rule 15(c)(1)(C), the following conditions must be met:

> (1) the claim must have arisen out of conduct set out in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party should have known that, but for a mistake of identity, the original action would have been brought against it; and . . . [4] the second and third criteria are fulfilled within 120 days of the filing of the original complaint, and . . . the original complaint [was] filed within the limitations period.

*Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d at 468-69).

Under this standard, the claims proposed against new defendants do not relate back to the filing of the original Complaint and are untimely. The Second Circuit has made clear "that an amendment to replace a John Doe defendant is made 'not to correct a mistake but to correct a lack of knowledge' and is therefore not a mistake under Rule 15(c)(1)(C)." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (citing *Barrow v. Wethersfield Police Dep't*, 66 F.3d at 470); *see also Hogan v. Fischer*, 738 F.3d at 517 (relation back under FED. R. CIV. P. 15(c) is not appropriate "where the newly added defendants were not named originally because the plaintiff did not know their identities.").

"Rule 15(c)(1)(A) permits an amended pleading to relate back when the law that provides the applicable statute of limitations allows relation back." *Hogan v. Fischer*, 738 F.3d at 518. In this context the Court must also look to New York CPLR section

8

1024.  *Gutek v. Borchardt*, 2020 WL 2336187, at *5 (N.D.N.Y. May 11, 2020).  That section provides:

> A party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designative so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

 "To satisfy [section] 1024, a party must: (1) exercise due diligence, prior to the running of the statute of limitations, to identify the defendant by name; and (2) describe the John Doe party in such form as will fairly apprise the party that [he] is the intended defendant."  *Gutek v. Borchardt*, 2020 WL 2336187, at *5 (internal quotations and citations omitted).  Even viewing the facts in light of Plaintiff's *pro se* status, he cannot satisfy these requirements.  Plaintiff offers nothing to suggest he exercised due diligence to identify the names of these defendants and, in fact, his only apparent basis of knowledge is initial disclosure of the names by Defendants.

### 4. Plaintiff's Remaining Claims

 Plaintiff also seeks to add a conspiracy claim against two individuals not presently parties to this action, Raga and Dorsett.  Dkt. No. 82 at pp. 2-5.  While the nature of the claim is not entirely clear from Plaintiff's Motion it does appear that Plaintiff alleges the conspiracy involved conduct in 2016.  *See id.* at p. 4.  There is not currently a conspiracy claim this case and so Plaintiff seeks not just to add new parties, but a new claim. Similarly, Plaintiff seeks to add Joseph Slater, an attorney for the WCB, as a Defendant to this action.  Dkt. No. 82 at p. 8.  Though Plaintiff's Motion does not identify the precise

9

legal theory on which Plaintiff seeks to pursue this claim, it does make clear that it relates to Slater's submission of a sworn affidavit regarding a previously litigated motion in this case. *Id.*

This case has been extensively litigated and is drawing to the end of discovery. Adding three new defendants and several new claims will clearly necessitate additional discovery. Permitting such new discovery inevitably will further delay the ultimate resolution of this case, and there has not been a showing of good cause to permit adding these claims at this time. Here, the Court in the exercise of its discretion finds it appropriate to deny leave to amend when discovery is about to close and new claims would require new discovery. *Funches v. Russo*, 2019 WL 5191497, at *2; *CA, Inc. v. AppDynamics, Inc.*, 2014 WL 2805115, at *4 (E.D.N.Y. June 20, 2014).

Denial of the Motion with respect to Slater is further supported because "[c]ourts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Girard v. Hickey*, 2016 WL 915253, at *5 (N.D.N.Y. Mar. 4, 2016) (quoting *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014)). "These courts have recognized that the addition of such collateral claims in amended pleadings can easily delay resolution of the case due to the need to engage in substantial additional discovery regarding the new factual contentions." *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13. The claims at issue in this lawsuit relate to events in 2016. Any claim regarding Slater's role in

providing evidence about those events in 2019 is unrelated to the merits of the underlying claims against the named Defendants and is clearly the sort of collateral claim involving factual and legal allegations wholly distinct from the claims presently before the Court so as to make joinder inappropriate. *Id.*; *see also* FED. R. CIV. P. 20.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Joinder of Parties (Dkt. No. 82) is **DENIED**; and it is further

**ORDERED**, that the motions for extension of pretrial deadlines (Dkt. Nos. 92 and 93) are **GRANTED IN PART** to the extent that the deadline for completion of discovery is reset to January 15, 2021 solely for the purpose of completing any outstanding depositions and the deadline for filing dispositive motions is set for March 15, 2021; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Date:   November 30, 2020
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge